[No. B090691. Second Dist., Div. Seven. Mar. 19, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
RAFAEL TORRES, Defendant and Appellant.

## Counsel

Robert Franklin Howell, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Sanjay T. Kumar and Victoria Bedrossian, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**LILLIE, P. J.**—Rafael Torres appeals from judgment entered following a jury trial in which he was convicted of second degree robbery (Pen. Code, § 211) with the finding that during the commission of the offense he personally used a deadly instrument, a screwdriver, within the meaning of Penal Code section 12022, subdivision (b), second degree burglary of a vehicle (Pen. Code, § 459), and assault with a deadly weapon or force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)). He contends the court committed prejudicial instructional error, there was no substantial evidence that a robbery occurred, the court's findings on the allegations of prior convictions must be vacated because defendant's admissions were neither intelligent nor voluntary, the trial court erred in concluding it lacked discretion to strike the allegations of prior strike convictions, his sentence was cruel and unusual punishment, he was not subject to three strikes sentencing because the subject matter of that legislation could not constitutionally be enacted as an urgency measure, and imposition of sentence for

the burglary conviction should have been stayed pursuant to Penal Code section 654.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On October 4, 1994, Wendy Cdebaca went shopping with Doug Herzog at the Cerritos Town Center in Cerritos. Cdebaca parked her car in the parking lot and she and Herzog locked the car. It had been raining earlier that day and for that reason Cdebaca knew the windows were rolled up. After they finished shopping, they walked to her car and Cdebaca observed defendant sitting in the passenger seat. There was an older "big Cadillac-type car" backed into the space next to her car and a female was standing on its driver's side with the door open. Cdebaca observed defendant unplugging her stereo; he had the stereo in one hand and was unplugging the cords from the back. Cdebaca told Herzog that someone was stealing her stereo. Herzog walked up to the car and grabbed defendant's arm. Herzog asked defendant what he was doing and if he was stealing the stereo. Defendant was holding a screwdriver in his hand and he swung his arm back trying to stab Herzog. Herzog jumped back and blocked defendant's arm. If Herzog had not jumped back the "blade" of the screwdriver probably would have hit him in the stomach. Defendant got out of the car, holding the stereo and screwdriver, and faced Cdebaca and Herzog. Herzog told defendant to leave and Cdebaca told him to put her stereo back. Defendant put it on the passenger's seat of Cdebaca's car. Defendant was picked up in the "Cadillac-type" car and told Cdebaca and Herzog to leave, "it is over with." Cdebaca and Herzog got into her car and drove around looking for a security guard; they saw defendant standing in front of one of the stores with the female who had been standing next to the "Cadillac-type" car and another female. Herzog and defendant made eye contact and defendant turned and ran away. Herzog got out of the car and chased defendant, and with the aid of mall security apprehended defendant.

## I.

### JURY INSTRUCTION REGARDING REASONABLE DOUBT

Appellant contends the trial court's modification of CALJIC No. 2.90 defining reasonable doubt diluted the constitutionally mandated standard of proof and requires reversal of the judgment without consideration of prejudice. The court instructed the jury pursuant to CALJIC No. 2.90 (1994 rev.): "A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to a verdict of not guilty. This presumption places upon the People the burden of proving him guilty beyond a

reasonable doubt. [¶] Reasonable doubt is defined as follows: It is not a mere possible doubt; because everything relating to human affairs is open to some possible or imaginary doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction of the truth of the charge."

Appellant's contention is without merit. In *Victor* v. *Nebraska* (1994) 511 U.S. 1 [127 L.Ed.2d 583, 114 S.Ct. 1239], while criticizing the "moral certainty" language then contained in CALJIC No. 2.90, the United States Supreme Court stated that "[a]n instruction cast in terms of an abiding conviction as to guilt, without reference to moral certainty, correctly states the government's burden of proof." (511 U.S. at p. __ [127 L.Ed.2d at p. 596].) Additionally, in *People* v. *Freeman* (1994) 8 Cal.4th 450, 504, footnote 9 [34 Cal.Rptr.2d 558, 882 P.2d 249, 31 A.L.R.4th 888], the California Supreme Court recommended trial courts delete the "moral certainty" language from CALJIC No. 2.90 and use the exact definition of reasonable doubt which the trial court here used.

## II.

### SUFFICIENCY OF EVIDENCE OF ROBBERY

 Appellant asserts there is no substantial evidence that a robbery occurred. He asserts the stereo was initially obtained without threat or any use of force and was then abandoned by defendant without any attempt to retain it through threat or use of force. This contention is not supported by the record.

 " 'The proper test for determining a claim of insufficiency of evidence in a criminal case is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] On appeal, we must view the evidence in the light most favorable to the People and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.] [¶] Although we must ensure the evidence is reasonable, credible, and of solid value, nonetheless it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts on which that determination depends. [Citation.] Thus, if the verdict is supported by substantial evidence, we must accord due deference to the trier of fact and not substitute our evaluation of a witness's credibility for that of the fact finder. [Citations.]' " (*People* v. *Ochoa* (1993) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103].)

■ "Robbery is 'the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.' (§ 211.) As recently stated by our Supreme Court, 'mere theft becomes robbery if the perpetrator, having gained possession of the property without use of force or fear, resorts to force or fear while carrying away the loot. [Citations.] In order to support a robbery conviction, the taking, either the gaining possession or the carrying away, must be accomplished by force or fear. [Citations.] ■ A very slight movement is sufficient for asportation [citation], and there is no requirement that the robber have manual possession of the property. [Citations.] The robber's escape with the loot is not necessary to commit the crime. [Citation.]" (*People* v. *Pham* (1993) 15 Cal.App.4th 61, 65 [18 Cal.Rptr.2d 636].) ■ The taking accomplished by force or fear occurred in this case when defendant swung at Herzog with a screwdriver and got out of Cdebaca's car holding the stereo. It was sufficient that defendant used force or fear to prevent Herzog from regaining the car stereo.

## III.

### JURY INSTRUCTION ON LESSER INCLUDED CRIME OF THEFT

■ We also reject appellant's contention that the trial court erred in failing to instruct sua sponte on the crime of theft. "A trial court must instruct on a lesser included offense when the evidence raises a question as to whether all of the elements of the charged offense are present and there is evidence that would justify a conviction of the lesser offense. [Citations.]" (*People* v. *Wilson* (1992) 3 Cal.4th 926, 941-942 [13 Cal.Rptr.2d 259, 838 P.2d 1212].) Here there was no contradictory evidence concerning the circumstances of the robbery. Herzog grabbed defendant's arm to stop him from taking the car stereo and defendant swung a screwdriver at Herzog while holding the stereo and attempting to keep possession of it. There was no error in failing to instruct sua sponte on the lesser included offense of theft.

## IV.

### ADMISSION OF TWO PRIOR CONVICTIONS

■ Appellant contends that since the true findings by the court on the allegations of the three strikes prior convictions and the serious felony allegations were based solely on his admissions and because the record fails to demonstrate that the admissions were intelligent and voluntary, the findings on the prior conviction allegations must be reversed. We agree.

Following waiver of a right to jury trial on the allegations of prior convictions, defendant stated he wished to admit the two priors and the following colloquy occurred. The prosecutor stated defendant had before him the allegations that he was "convicted in the past of several different offenses. [¶] We have proof of two separate robbery convictions and one commitment to the state prison . . . within the meaning of 667 (B) through (I). [¶] Do you admit that you were convicted of the crime of robbery, in violation of Penal Code section 211, on or about May 20th, 1991?

"THE DEFENDANT: The 667(A) through (B) whatever that's, what?

"Ms. TOCALINO [defense counsel]: That's the Penal Code section that they use [for] the strike prior and the five-year prior.

"What he's asking you is, do you admit you were convicted? That is the Norwalk one.

"MR. EMERSON [deputy district attorney]: Compton one.

"Ms TOCALINO: Were you convicted of robbery, April 4, 1991, in Compton?

"THE DEFENDANT: Yes, I was.

"MR. EMERSON: And that is with respect to case number—

"Ms TOCALINO: TA009496.

"MR. EMERSON: Is that correct; Mr. Torres?

"THE DEFENDANT: I don't remember that court number, but I remember I was convicted of robbery.

"MR. EMERSON: I will show you the case number so you can—

"THE DEFENDANT: I ain't going to remember it, you know. I remember I was convicted of 211.

"MR. EMERSON: Out of Compton on before that date; is that correct?

"THE DEFENDANT: Weights [sic] the date?

"MR. EMERSON: Here's the date 5-20-91, and the case number abstract of judgment is TA009496.

"Do you admit that you were convicted within the meaning of those Penal Code sections?

"THE DEFENDANT: Yes.

"MR. EMERSON: Further, it is alleged pursuant to Penal Code section 667.5(b) that you went to prison on the Compton charge; is that true?

"THE DEFENDANT: Yes, it is true.

"MR. EMERSON: Mr. Torres, it is also alleged in the information that pursuant to Penal Code section 667(A) and also 667(b) through (I) that you were convicted in Norwalk here in this courthouse somewhere—actually, in this department, it appears, on or about 4-30-91. You pled guilty to robbery, in violation of Penal Code section 211, and that was out of case VA006743, as alleged in the information.

"THE DEFENDANT: That was time current in Compton. Yes.

"MR. EMERSON: So you admit you did receive that conviction?

"THE DEFENDANT: Yes, I received that one.

"MR. EMERSON: Does counsel join in the waivers and concur in the various admissions as to each one of the various priors?

"MS. TOCALINO: Yes, I do.

"MR. EMERSON: Thank you, very much.

"THE COURT: In this matter the court finds that the defendant has been fully advised of his rights in connection with the admissions, knowingly and intelligently and understandingly waived the same. [¶] Also, for the record, all of the terms regarding the proof of the priors was here in open court and referred to by the District Attorney during his admissions. [¶] That the defendant has knowingly, intelligently and understandingly waived his rights, freely and voluntarily admitted the waivers, and therefore the court accepts the waivers."

Defendant had been advised of the legal effect of these waivers, that is it made two strikes, at the time of arraignment in municipal court and again in superior court but "out of an abundance of caution," the court advised defendant, "You realize by admitting these two priors that you face the potential 25 years to life in prison; do you understand that?" Defendant

stated he understood and further he understood that his sentence would depend on "the total circumstances" but 25 years to life was the least the court could sentence defendant. Defendant stated he understood and still wanted to admit the priors.

Appellant asserts that at no point in the proceedings did the court or anyone advise defendant that by admitting the prior conviction allegations he was surrendering his privilege against compulsory self-incrimination or his right to confront his accusers.

In *People* v. *Howard* (1992) 1 Cal.4th 1132, 1175 [5 Cal.Rptr.2d 268, 824 P.2d 1315] our Supreme Court held "that *Yurko* error involving *Boykin/Tahl* admonitions should be reviewed under the test used to determine the validity of guilty pleas under the federal Constitution. Under that test, a plea is valid if the record affirmatively shows that it is voluntary and intelligent under the totality of circumstances. [Citations.]" The court stated it would "continue to require that trial courts expressly advise defendants on the record of their *Boykin/Tahl* rights.[1] However, errors in the articulation and waiver of those rights shall require the plea to be set aside only if the plea fails the federal test." (1 Cal.4th at p. 1175.)

Here defendant was advised of and expressly waived his right to a jury trial on the allegation of prior convictions. There was, however, no advisement of the right to confront his accusers or the right to remain silent. In contrast to the *Howard* case, it is not possible here to find defendant's admissions of guilt were "voluntary and intelligent under the totality of circumstances." "We have no doubt that [defendant] was in fact aware of his right to . . . confront witnesses and his right to remain silent, all of which he had just exercised in trial. What is impossible to determine from this silent record is whether [defendant] not only was aware of these rights, but was also prepared to waive them as a condition to admitting his prior offenses. The state of the record here leaves us no alternative but to reverse the true findings on [defendant's] prior offenses and prison term, and to remand for a new proceeding to determine the validity of these allegations." (See *People* v. *Johnson* (1993) 15 Cal.App.4th 169, 178 [18 Cal.Rptr.2d 650].)[2]

---

[1]The federal constitutional rights involved were the privilege against compulsory self-incrimination, the right to a trial by jury and the right to confront one's accusers. (*In re Tahl* (1969) 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 460 P.2d 449].) In *In re Yurko* (1974) 10 Cal.3d 857, 863 [112 Cal.Rptr. 513, 519 P.2d 561], the Supreme Court extended the *Tahl* requirements of express admonitions and waivers to the admission of a prior conviction for sentencing purposes. (See *People* v. *Howard, supra,* 1 Cal.4th at p. 1177.)

[2]In view of our disposition, we need not address appellant's remaining issues.

## DISPOSITION

The judgment is affirmed as to the convictions of second degree robbery with the finding of personal use of a deadly instrument, second degree burglary of a vehicle and assault with a deadly weapon or force likely to produce great bodily injury. That part of the judgment relating to the true finding on allegations of defendant's prior convictions and prison term is reversed, and the cause remanded for new proceedings to determine the validity of these matters and for resentencing.

Johnson, J., concurred.

**WOODS (Fred), J.,** Concurring.—Although I fully join in the court's opinion, I believe the *Boykin/Tahl/Yurko* error requires additional comment.

The district attorney is responsible for filing and proving criminal charges. In the overwhelming number of cases, more than 90 percent, those charges are proved not by evidence at trial but by eliciting a defendant's guilty plea and admission.

*How* to elicit such guilty pleas and admissions has been expressly prescribed for over 25 years. (*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].) The necessity to advise a defendant of his rights to jury trial, confrontation, and not to incriminate himself—has not changed. (*People* v. *Howard* (1992) 1 Cal.4th 1132, 1175 [5 Cal.Rptr.2d 268, 824 P.2d 1315].)

When the district attorney is asked to elicit a valid guilty plea or admission, as was done here and is commonly done, the trial court and the People have a right to expect this simple, routine duty will be competently discharged. Failure to competently discharge that duty, as here, disserves the administration of justice and wastes precious, increasingly scarce resources.

The district attorney has a duty to train his deputies how to competently perform simple tasks involved in nine of every ten cases he handles.

A petition for a rehearing was denied April 17, 1996, and appellant's petition for review by the Supreme Court was denied May, 22, 1996.