[No. B091153. Second Dist., Div. Seven. May 28, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD GARCIA, Defendant and Appellant.

[No. B091154. Second Dist., Div. Seven. May 28, 1996.]

THE PEOPLE, Plaintiff and Appellant, v.
EDWARD GARCIA, Defendant and Respondent.

COUNSEL

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Sanjay T. Kumar, Sharon Wooden-Richard and Lisa J. Brault, Deputy Attorneys General, Gil Garcetti, District Attorney, Brent Riggs and Diana L. Summerhayes, Deputy District Attorneys, for Plaintiff and Appellant and for Plaintiff and Respondent.

Robert Derham, under appointment by the Court of Appeal, for Defendant and Appellant and for Defendant and Respondent.

OPINION

**JOHNSON, J.**—A jury convicted defendant of second degree robbery and the unlawful taking of a vehicle. Defendant appeals his robbery conviction and the finding he previously had been convicted of other felonies. Both defendant and the People appeal the sentence claiming the trial court misapplied the "three strikes" law. We find no error in the robbery conviction. As to the sentencing, we do not reach the three strikes issues because the trial court committed reversible error in failing to obtain valid waivers of the defendant's constitutional rights before accepting his admissions of three prior convictions. For these reasons, we affirm the convictions and reverse the sentence, remanding the cause for a trial on the prior convictions and resentencing.

### FACTS AND PROCEEDINGS BELOW

Defendant entered a market and approached one of the cashiers as she stood in front of an open cash register. Defendant lightly pushed his left shoulder against the cashier's right shoulder, "like a tap." Feeling this push or "tap" on her shoulder, the cashier moved away from the cash register

because she was afraid defendant might be armed. The defendant scooped up stacks of bills from the register and escaped.

Several weeks after the market robbery, defendant was observed driving a stolen car and arrested. The car attracted the arresting officer's attention because there was no key in the ignition and the steering column assembly was missing.

The People charged defendant with robbery, grand theft of a vehicle and the unlawful taking of a vehicle. The People alleged under Penal Code sections 667, subdivision (a)(1) and 667.5, subdivision (b)[1] defendant had served two prior prison terms for assault with a deadly weapon and possession of drugs or alcohol in jail. In addition, the People alleged under the three strikes law (§ 667, subds. (b)-(i)) defendant had previously been convicted of two serious felonies: assault with a deadly weapon and robbery. A jury convicted defendant of second degree robbery and the unlawful taking of a vehicle. Following these verdicts, defendant admitted the prior felony convictions.

The trial court sentenced defendant under the three strikes law to a term of 25 years to life on the robbery conviction. (§ 667, subd. (e)(2)(A).) As to the conviction for unlawful taking of a vehicle, the trial court treated this "wobbler" as a felony but declined to sentence defendant under the three strikes law. Instead, the court imposed the upper term of three years to run concurrently with the robbery sentence. The court imposed no sentence enhancements.

DISCUSSION

I. *Defendant Was Not Entitled to an Instruction on the Lesser Included Offense of Theft.*

 Defendant contests his robbery conviction on the ground the trial court had a duty to instruct sua sponte on the lesser included offense of theft because the evidence was sufficient to justify a conviction on the lesser offense. In *People* v. *Wickersham* (1982) 32 Cal.3d 307, 323-324 [185 Cal.Rptr. 436, 650 P.2d 311], our Supreme Court discussed a trial court's duty to instruct on lesser included offenses. " ' "It is settled that in criminal cases, even in the absence of a request, the trial court must instruct on the general principles of law relevant to the issues raised by the evidence. . . . The general principles of law governing the case are those principles closely and openly connected with the facts before the court, and

---

[1]All statutory references are to the Penal Code unless otherwise noted.

which are necessary for the jury's understanding of the case." . . . That obligation has been held to include giving instructions on lesser included offenses when the evidence raises a question as to whether all of the elements of the charged offense were present . . . , but not when there is no evidence that the offense was less than that charged.' " (Citations omitted.) ██ Thus, whether the trial court erred in failing to give an instruction on the lesser included offense turns on whether there was some evidentiary basis on which the jury could have found the offense to be less than robbery.

The evidence was defendant approached the cashier while the register drawer was open and gave her a slight push, "like a tap," on her shoulder with his shoulder. Fearful defendant might be armed, the cashier moved away. Defendant then reached into the open register, grabbed the money and escaped. The cashier was not injured.

Defendant concedes he touched the cashier in the course of taking the money. He argues, however, the force required for robbery is more than an incidental touching. A pickpocket touches the victim in extracting a wallet from his pocket, but this does not make the pickpocket a robber. The force required for robbery is more than "just the quantum of force which is necessary to accomplish the mere seizing of the property." (*People* v. *Morales* (1975) 49 Cal.App.3d 134, 139 [122 Cal.Rptr. 157].) In the present case, however, the touching was more than incidental and was not merely the force necessary to seize the money. The defendant did not simply brush against the cashier as he grabbed for the money. He intentionally pushed against her to move her out of the way so he could reach into the register. In terms of *Morales,* pushing the cashier went beyond the "quantum of force which [was] necessary" to grab the money out of the cash register. We agree defendant appears to have been rather polite in his use of force, giving the cashier a mere "tap." Nevertheless, for purposes of the crime of robbery, the degree of force is immaterial. (*People* v. *Jones* (1992) 2 Cal.App.4th 867, 871 [3 Cal.Rptr.2d 602].)

Finally, this is not a case like *Morales*, *supra*, in which there was a factual question whether the defendant did nor did not use force against the victim, thus requiring a theft instruction. Here defendant was either guilty of robbery or not guilty of any crime.

II. *The Trial Court Committed Reversible Error in Failing to Obtain Valid Waivers of the Defendant's Constitutional Rights Before Accepting His Admissions of Three Prior Felonies.*

██ Defendant contends his admissions of prior felony convictions were invalid because he was not advised of his right to confront witnesses and his

privilege against self-incrimination. Furthermore, because his entire sentence was predicated on proof of those priors, his sentence must be reversed. We agree.

Following the guilty verdicts on the current offenses, the trial judge discussed the issue of the priors with the People and defendant. In the course of this discussion, the judge stated he had presided over the case in which defendant entered a plea of guilty on the charge of assault with a deadly weapon and in that proceeding defendant had admitted the prior robbery conviction. After conferring with his counsel, defendant affirmed his desire for a jury trial on the priors. The matter was continued to the afternoon session.

When court reconvened in the afternoon the trial judge advised the defendant: "You're entitled to have the same jury that tried the case try the truth of these priors . . . . I have told you you can waive that right to a jury trial and have the court make that determination, or simply admit that the priors are true. How do you wish to proceed?" Counsel for defendant responded, "After discussing the matter with my client I believe he is willing to admit that these prior convictions are indeed his." The judge then asked the defendant: "So you waive your right to a jury trial on this issue?" The defendant responded, "Yes." The defendant then admitted he had previously been convicted of robbery, assault with a deadly weapon and possession of drugs or alcohol in jail. The trial judge then made a finding "the defendant has knowingly, intelligently, waived his right to a jury trial, and has freely and voluntarily admitted the priors alleged, and the court finds the priors to be true." The judge went on to state: "The court also takes judicial notice of the court's own file in which a plea was taken to the [assault], and at that time the robbery prior was specifically admitted to be true."

Our decision in *People* v. *Howard* (1994) 25 Cal.App.4th 1660 [31 Cal.Rptr.2d 103] is dispositive here. In *Howard,* as in the present case, the trial court took the defendant's admission of a prior felony conviction without advising the defendant of his constitutional rights to confront the witnesses against him and not to incriminate himself without an express waiver of those rights. Writing for the majority, Presiding Justice Lillie stated: "The contention that the failure to obtain express, on-the-record waivers of appellant's rights to confrontation and against self-incrimination invalidates appellant's admission of the prior prison term enhancement is well taken. Appellant was admonished as to his right to a jury and court trial and waived that right. However, he was not admonished as to his rights to confrontation and against self-incrimination explicitly, or in terms amounting to a reasonable substitute for an explicit admonition. Appellant therefore

did not make a valid waiver of his constitutional rights and a remand is necessary for a redetermination of the truth of the prior prison term enhancement allegation." (*Id.* at p. 1665.)

Justice Woods dissented in *Howard* "with some misgiving[s]." (25 Cal.App.4th 1660, 1665 (dis. opn. of Woods (Fred), J.) He pointed out that because the defendant clearly knew he had the right *not* to admit the prior he knew he had the right not to incriminate himself. (*Id.* at pp. 1665-1666.) Justice Woods also pointed out the prosecutor's explanation of what would happen in a trial on the prior was sufficient to advise defendant of his right to confront witnesses. Finally, he noted the defendant demonstrated legal sophistication in his cocaine sale and was an adult with prior exposure to the criminal justice system.

In the present case, however, neither the prosecutor nor the court gave defendant any explanation of what would occur at a trial on the prior convictions. Thus there was no advice from which the defendant could infer he had the right to confront witnesses in such a trial even if he had observed he had that right in the trial-in-chief. Furthermore, there is no legal sophistication in grabbing money out of a till and running away or in driving around in a stolen car with no key in the ignition and the steering column missing. Finally, nothing in the record suggests defendant's prior exposure to the criminal justice system afforded him notice of his right to confrontation and privilege against self-incrimination. Indeed, since the same judge took defendant's previous admission of a prior felony, it is likely the judge made the same errors then that he made in the present case.

Because all of the trial court's sentencing decisions were based on the premise this was a "third strike" case, the failure to obtain a proper admission of the first two "strikes" requires us to reverse the entire sentence and remand the matter for a trial on the priors and resentencing thereafter.

### DISPOSITION

The sentence imposed in this case is reversed and the cause is remanded for trial on the issue of whether defendant suffered the prior convictions alleged by the People and for resentencing. In all other respects, the judgment is affirmed. The People's appeal from the sentence is dismissed as moot.

Lillie, P. J., concurred.

**WOODS (Fred), J.,** Concurring.—I agree with the opinion of the court and write separately only to emphasize, again,[1] the responsibility of the district attorney to obtain valid guilty pleas and admissions.

The district attorney, by charging appellant with second degree robbery, subjected him to a five-year state prison term. By alleging two serious priors, the district attorney quintupled the stakes to twenty-five years to life.

These stakes, if nothing else, demand the attention of a competent prosecutor. The task of eliciting a valid admission is rudimentary. It has been expressly prescribed for over 25 years (*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]) and has not changed (*People* v. *Howard* (1992) 1 Cal.4th 1132, 1175 [5 Cal.Rptr.2d 268, 824 P.2d 1315]).

Since the district attorney obtains over 80 percent of his convictions not by trial but by guilty plea and admission, self-interest should ensure mastery of this rudimentary procedure.

Apparently—if *People* v. *Howard* (see fn. 1, *ante*), *People* v. *Torres* (see fn. 1, *ante*), and the instant case are any measure—it has not.

As a consequence of the district attorney's failure to obtain valid admissions of readily provable serious priors, appeals are filed, briefs are prepared, appellate research and record review are conducted, argument is heard, appellate opinions are written, matters are remanded to trial courts, defendants are transported from prisons to county jails to courtrooms, attorneys are appointed to represent defendants, and prior allegations are belatedly relitigated.

The only certain consequence of such district attorney failure is the squandering of precious, increasingly scarce judicial resources.

It bears repeating, ". . . the district attorney . . . ha[s] a duty to train . . . attorneys in the proper taking of guilty pleas and admissions . . . ." (*People* v. *Howard*, *supra*, 25 Cal.App.4th 1660, 1666 (conc. & dis. opn. of Woods (Fred), J.).)

---

[1]See *People* v. *Howard* (1994) 25 Cal.App.4th 1660, 1665-1666 [31 Cal.Rptr.2d 103] (conc. & dis. opn. of Woods (Fred), J.); *People* v. *Torres* (1996) 43 Cal.App.4th 1073 [51 Cal.Rptr.2d 77] (conc. opn. of Woods (Fred), J.).