[No. B168038. Second Dist., Div. Three. Jan. 6, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
ERIC NOEL CHRISTIAN, Defendant and Appellant.

## COUNSEL

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Margaret E. Maxwell and Marc A. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ALDRICH, J.—**

## INTRODUCTION

Defendant and appellant Eric Noel Christian was sentenced to 20 years in state prison after he pled no contest to one count of second degree robbery, and admitted that he had suffered one prior strike conviction and two prior serious felony convictions.

Appellant contends the judgment must be reversed because he was not adequately advised of his rights before he entered his plea and admission. To address this contention we must examine the recent case of *People v. Mosby* (2004) 33 Cal.4th 353 [15 Cal.Rptr.3d 262, 92 P.3d 841] (*Mosby*).

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts.*[1]

At about midnight on April 26, 2002, appellant robbed a parking lot attendant at gunpoint, obtaining the cash drawer. He sped away in a truck. A few minutes later, a police officer saw appellant drive through a red light. Although the officer turned on the police vehicle's siren and overhead lights, appellant did not stop. After a high-speed pursuit, appellant collided with a car, stopped, and fled on foot. Appellant was located hiding under a porch of a nearby house. Before being captured, he swung his fist with a nail in his hand, injuring a police dog. The cash drawer and its contents were found in the truck. The truck had been stolen from a roofing company earlier that day.

2. *Procedure.*

Appellant was charged as follows: count 1—second degree robbery (Pen. Code, § 211); count 2—unlawful driving or taking a vehicle (Veh. Code, § 10851, subd. (a)); count 3—evading a police officer (Veh. Code, § 2800.2, subd. (a)); and count 4—misdemeanor interference with a police animal (Pen. Code, § 600, subd. (b)). As to counts 1, 2, and 3, it was alleged that appellant had suffered five prior strike convictions (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and had served two prior serious prison terms (Pen. Code, § 667.5, subd. (b)). As to count 1, it was further alleged that appellant had suffered convictions for five serious felonies. (Pen. Code, § 667, subd. (a)(1).)

On March 7, 2003, appellant spent most of the afternoon discussing a plea offer with his counsel. He then appeared with counsel. The trial court was informed that appellant had decided to accept the People's offer and enter a

---

[1] The following facts have been taken from the preliminary hearing transcript.

no contest plea to count 1 and admit suffering one prior strike and two prior serious felony convictions. By agreeing to the offer, appellant would receive a total prison term of 20 years.

Before accepting appellant's plea and admission, the trial court stated that the district attorney would apprise appellant of his constitutional rights, as the court needed to know that appellant understood, and was willing to give up, these rights. The trial court stated, "the rights that the [district attorney] is going to tell you about apply, not only to this case in front of me[,] . . . but to the allegation that you were convicted of the prior strike and the two five-year priors. All of the rights in a jury trial apply to those also. [¶] By answering that you understand your rights and you give them up, the court will take you to be answering as to the open case and the priors." The trial court informed appellant that because the court was going to go along with the offer, appellant could not later withdraw the plea or admission.

In response to the prosecutor's inquiries, appellant stated he understood the maximum sentence he could receive in this case was 87 years to life and he understood the proposed agreement. Appellant stated no one had promised him anything nor threatened him in order to induce him to plead. Appellant agreed that he was entering into the plea freely and voluntarily and because he felt it was in his best interest.

The following then occurred:

"[Prosecutor]: Before the court can accept your plea you must be advised of your constitutional rights and the consequences of entering this plea.

"You have the right in this case to have a jury trial. At your jury trial the prosecution will hold the burden of proving your guilt beyond a reasonable doubt to 12 jurors of the community that both your attorney and the prosecution would pick.

"If your guilt is not proved beyond a reasonable doubt, you would not be held accountable for this offense.

"Do you understand your right to have a jury trial in this matter?

"[Appellant]: Yes."

"[Prosecutor]: Do you agree to give this right up?

"[Appellant]: Yes."

Appellant then answered affirmatively that he understood that a violation of Penal Code section 211 was a felony, which was known as a strike and which was a serious and violent felony. Appellant also answered in the affirmative that he understood he would be treated as a third strike offender in the future, which meant a minimum sentence of 25 years to life. The questioning continued.

"[Prosecutor]: Sir, do you also understand that you have the right to a jury trial on the truth of your strike prior?

"Do you give up that right?

"[Appellant]: Yes."

Appellant then said that he understood the consequences of his plea if he were on probation or parole and he would be receiving a sentence of 20 years in prison. He also said he understood the effect of his plea if he was not a citizen and upon release from prison that he would be placed on parole. Appellant said he understood what he was doing and that he had no questions.

Appellant pled no contest to one count of second degree robbery (Pen. Code, § 211), and admitted he had suffered one prior strike conviction (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and two prior serious felony convictions (Pen. Code, § 667, subd. (a)(1)).

The trial court found that appellant "expressly, knowingly, understandingly and intelligently waived [his] constitutional rights [and found] this plea and admission to be freely and voluntarily made, with a full understanding of the consequences." The court accepted the plea and admission.

Appellant was thereafter sentenced to 20 years in state prison. Appellant appeals from the judgment.

## DISCUSSION

Appellant contends his plea and admission were invalid because the trial court failed to advise him of his rights to confront witnesses and against self-incrimination, both with regard to the substantive offense and the priors. Appellant's argument is persuasive.

The recent case of *Mosby* traced the relevant jurisprudence, beginning with *Boykin v. Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709] (*Boykin*). *Mosby* stated, "the United States Supreme Court [in *Boykin*]

explained that a defendant seeking to *plead guilty* is denied due process under the federal Constitution unless the plea is voluntary and knowing." (*Mosby, supra,* 33 Cal.4th at p. 359.) *Boykin* required the record to demonstrate that the defendant was apprised of his or her privilege against self-incrimination, right to jury trial, and right to confront witnesses. (*Boykin, supra,* at p. 243; *Mosby, supra,* at p. 359.)

■ "In the wake of *Boykin,* [the California Supreme Court held,] in *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449], that 'each of the three rights mentioned . . . must be specifically and expressly enumerated for the benefit of and waived by the accused *prior* to acceptance of his *guilty plea.*' [Citation.] [¶] Some five years later, in *In re Yurko* [(1974)] 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 561], [the California Supreme Court] adopted as a judicial rule of criminal procedure the requirement that the three *Boykin-Tahl* admonitions must also be given 'before a court accepts an accused's admission that he has suffered *prior felony convictions.*' [Citation.]" (*Mosby, supra,* 33 Cal.4th at p. 359; see also *People v. Wash* (1993) 6 Cal.4th 215, 268 [24 Cal.Rptr.2d 421, 861 P.2d 1107]; *In re Tahl, supra,* at pp. 124–133.)

■ In 1992, in *People v. Howard* (1992) 1 Cal.4th 1132 [5 Cal.Rptr.2d 268, 824 P.2d 1315], the California Supreme Court reiterated that trial courts must expressly advise defendants on the record of their privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers. (*Id.* at pp. 1175, 1179.) However, *Howard* concluded that a trial court's failure to provide the requisite admonitions did not require per se reversal. (*Id.* at pp. 1174–1179.) If the record did not disclose the proper advisements and waivers, the federal test was to be applied. Thus, the appropriate inquiry to determine if the plea was valid was whether the record affirmatively showed it was "voluntary and intelligent under the totality of the circumstances. [Citations.]" (*Id.* at p. 1175; see *Mosby, supra,* 33 Cal.4th at pp. 360–361.)

"After [*People v. Howard, supra,* 1 Cal.4th 1132], an appellate court must go beyond the courtroom colloquy to assess a claim [that proper advisements have not been given]. (See *People v. Allen* (1999) 21 Cal.4th 424, 438 [87 Cal.Rptr.2d 682, 981 P.2d 525].) Now, if the transcript does not reveal complete advisements and waivers, the reviewing court must examine the record of 'the entire proceeding' to assess whether the defendant's [plea of guilty or] admission of the prior conviction was intelligent and voluntary in light of the totality of circumstances. [Citation.]" (*Mosby, supra,* 33 Cal.4th at p. 361.)

In *Mosby, supra,* 33 Cal.4th 353, the defendant was charged with one count of selling cocaine. It was also alleged that he had a prior felony conviction.

(*Id.* at p. 356.) After learning that the jury had arrived at a guilty verdict on the substantive offense, the defendant admitted the prior felony conviction. (*Id.* at p. 357.) Prior to accepting the admission of the prior felony conviction allegation, the defendant was advised of, and waived, his right to trial by jury. However, the defendant was not advised of his rights of confrontation and against self-incrimination. (*Id.* at pp. 357–358.)

*Mosby* phrased the issue to be decided as: "When, immediately after a jury verdict of guilty, a defendant admits a prior conviction after being advised of and waiving only the right to trial, can that admission be voluntary and intelligent even though the defendant was not told of, and thus did not expressly waive, the concomitant rights to remain silent and to confront adverse witnesses?" (*Mosby, supra,* 33 Cal.4th at p. 356.) *Mosby* answered this question by stating " 'yes,' if the totality of circumstances surrounding the admission supports such a conclusion." (*Ibid.*)

*Mosby* examined other cases in which defendants had not been properly advised prior to admitting the truth of prior conviction allegations. In these cases, the defendants had obtained reversals of judgments with regard to prior conviction admissions. In all of the cases discussed by *Mosby,* the defendants admitted prior convictions *after a jury trial* on the substantive charges. *Mosby* separated these cases into two categories: (1) truly silent record cases, those in which the record showed "no express advisement and waiver of the *Boykin-Tahl* rights before a defendant's admission of a prior conviction" (*Mosby, supra,* 33 Cal.4th at p. 361); and (2) incomplete *Boykin-Tahl* advisement cases, those in which the defendants had been advised of their right to a jury trial, but not of the other two constitutional rights. (*Id.* at pp. 362–364.)

With regard to the "truly silent record cases" (see *People v. Stills* (1994) 29 Cal.App.4th 1766 [35 Cal.Rptr.2d 486]; *People v. Campbell* (1999) 76 Cal.App.4th 305 [90 Cal.Rptr.2d 315]; *People v. Moore* (1992) 8 Cal.App.4th 411 [10 Cal.Rptr.2d 286]; *People v. Johnson* (1993) 15 Cal.App.4th 169 [18 Cal.Rptr.2d 650] [nearly silent]), *Mosby* concluded the appellate courts were correct in holding that the defendant's admissions were not voluntary and knowing: "In all of [the silent record cases,] a jury trial on a substantive offense preceded the defendants' admissions of prior convictions. These defendants were not told on the record of their right to trial to determine the truth of a prior conviction allegation. Nor did they expressly waive their right to trial. In such cases, in which the defendant was not advised of the right to have a trial on an alleged prior conviction, [it] cannot [be inferred] that in admitting the prior the defendant has knowingly and intelligently waived that right as well as the associated rights to silence and confrontation of witnesses." (*Mosby, supra,* 33 Cal.4th at p. 362.)

In the incomplete advisement cases (*People v. Carroll* (1996) 47 Cal.App.4th 892 [54 Cal.Rptr.2d 868]; *People v. Howard* (1994) 25 Cal.App.4th 1660 [31 Cal.Rptr.2d 103]; *People v. Torres* (1996) 43 Cal.App.4th 1073 [51 Cal.Rptr.2d 77]; *People v. Garcia* (1996) 45 Cal.App.4th 1242 [53 Cal.Rptr.2d 256]), the defendants had participated in jury trials and thereafter admitted priors. However, their admissions were made after they were advised of the right to a jury trial, but not of the rights to confront witnesses or against self-incrimination. The courts of appeal held that the totality of circumstances in those cases did *not* show the admissions were voluntary and intelligent and the incomplete advisements required reversal. *Mosby* disapproved these incomplete advisement cases, as well as *People v. Van Buren* (2001) 93 Cal.App.4th 875 [113 Cal.Rptr.2d 510]. (*Mosby, supra*, 33 Cal.4th 365, fn. 3.)

*Mosby's* analysis of the facts before it explains why it approved the truly silent record cases, but disapproved the incomplete advisement cases.

In *Mosby*, "immediately after the jury found defendant guilty of selling cocaine, defendant was told he had a right to a jury trial on the prior conviction allegation." (*Mosby, supra*, 33 Cal.4th at p. 364.) *Mosby* reasoned that "unlike a trial on a criminal charge, trial on a prior conviction is 'simple and straightforward,' often involving only a presentation by the prosecution 'of a certified copy of the prior conviction along with the defendant's photograph [or] fingerprints' and no defense evidence at all. [Citation.] [Mosby] was represented by counsel, had *just* undergone a jury trial at which he did not testify, although his codefendant did. Thus, he not only would have known of, but had just exercised, his right to remain silent at trial, forcing the prosecution to prove he had sold cocaine. And, because he had, through counsel, confronted witnesses at that immediately concluded trial, he would have understood that at a trial he had the right of confrontation." (*Ibid.*, original italics.)

■ *Mosby* stated that a defendant's prior experience with the criminal justice system was relevant to whether he or she knowingly waived constitutional rights as such experience is relevant to a "recidivist's ' "knowledge and sophistication regarding his [or her legal] rights." [Fn. omitted.]' [Citations.]" (*Mosby, supra*, 33 Cal.4th at p. 365, citing *Parke v. Raley* (1992) 506 U.S. 20, 37 [121 L.Ed.2d 391, 113 S.Ct. 517]; and *United States v. Dawson* (9th Cir. 1999) 193 F.3d 1107, 1110–1111.) Mosby's "prior conviction was based on a plea of guilty, at which he would have received *Boykin-Tahl* advisements." (*Mosby, supra*, at p. 365.)[2]

---

[2] *Mosby* disapproved language in *People v. Garcia, supra*, 45 Cal.App.4th 1242, "[t]o the extent [it] suggests that the sophistication of the crime itself, apart from a defendant's actual knowledge or capacity to understand the constitutional rights in question, is relevant to a defendant's intelligent waiver of rights . . . ." (*Mosby, supra*, 33 Cal.4th at p. 365, fn. 2.)

Under the totality of circumstances, *Mosby* concluded that the "defendant voluntarily and intelligently admitted his prior conviction despite being advised and having waived only his right to jury trial." (*Mosby, supra,* 33 Cal.4th at p. 365.) " '[H]e knew he did not have to admit [the prior conviction] but could have had a jury or court trial, had just participated in a jury trial where he had confronted witnesses and remained silent, and had experience in pleading guilty in the past, namely, the very conviction he was now admitting.' " (*Ibid.*)

In reaching its conclusion, *Mosby* reiterated that "[i]deally, a defendant admits a prior conviction only after receiving, and expressly waiving, standard advisements of the rights to a trial, to remain silent, and to confront adverse witnesses. [Citation.]" (*People v. Mosby, supra,* 33 Cal.4th at p. 365, fn. 3.)

Here, the People urge that appellant fully comprehended his rights and his plea and admission were voluntary and intelligent when viewed in the totality of the circumstances. The People argue that the facts are similar to *Mosby* in that appellant was advised of, and waived, his right to trial, but was not advised of, nor waived, his rights to confront witnesses and against self-incrimination. The People conclude it is unreasonable to find that appellant failed to comprehend the consequences of his plea because defense counsel had discussed the plea with appellant at length, appellant had extensive previous contact with the criminal justice system, appellant was facing an 87-year sentence, and the preliminary hearing included defense counsel's cross-examination of witnesses.

However, in contrast to *Mosby*, appellant entered a plea to the substantive offense *and* admitted the prior conviction allegations. Appellant had *not* just participated in a trial at which he would have exercised his right to confront witnesses, nor had he just taken advantage of nor waived this right against self-incrimination. Appellant was not forgoing a relatively simple trial limited to the issue of the priors. He was forgoing a trial on the substantive charges as well as on the prior allegations.

Further, unlike the defendant in *Mosby*, we have no facts with regard to the circumstances of appellant's prior convictions. We do not know if they were by plea or trial and we cannot infer that he would have received advisements in his prior cases. There is a nine-year gap between appellant's last conviction and the present charges. Given the lack of information regarding appellant's prior convictions, the significant gap, and the lack of other facts demonstrating an awareness and comprehension of his constitutional rights,

we cannot infer that appellant's prior experience in the criminal justice system demonstrated his present knowledge and understanding of his rights. (Compare *United States v. Dawson, supra,* 193 F.3d at pp. 1110–1111 [defendant entered guilty plea with full advisements only two months before pleading guilty in another case with incomplete advisements]; *Parke v. Raley, supra,* 506 U.S. at p. 37 [less than two year gap between less than full advisement plea and prior case where defendant received full advisement].)

■ The fact that there was a preliminary hearing at which witnesses testified cannot serve, by itself, as a substitute for proper admonishments and waivers. (*People v. Campbell, supra,* 76 Cal.App.4th at p. 310.) Otherwise, *Mosby* would not have agreed that reversal was required in the truly silent record cases, as witnesses would have been called in the jury trials that had preceded the totally inadequate advisements.

■ Also, we are not privy to the conversation appellant had with his counsel about the plea offer, only that the conversation took place. It is necessary to have an adequate record for review (*People v. Howard, supra,* 1 Cal.4th at pp. 1178–1179) as this ensures defendants know and understand the significance of the constitutional rights they are waiving. (*In re Tahl, supra,* 1 Cal.3d at p. 132.) In the same way that the presence of an attorney alone does not satisfy the *Boykin-Tahl* requirements (*ibid.*), we will not presume appellant was informed of his *Boykin-Tahl* rights in appellant's conversation with his counsel. Thus, we cannot conclude that appellant understood that by accepting the plea he would be waiving these rights.

While we agree that the case against appellant appears strong and appellant may face a much longer sentence if he goes to trial, these facts do not eliminate the requirement for proper advisements and waivers. (Cf. *People v. Stills, supra,* 29 Cal.App.4th at pp. 1770–1771 [focus of the inquiry is not whether the prior allegations would have been found true].) The deficiencies in the record before us are more serious than those in *Mosby.*

In summary, the record is inadequate to allow us to conclude that appellant entered his plea understandingly and voluntarily. We have not based this conclusion on one fact. Rather, as *Mosby, supra,* 33 Cal.4th 353, and *People v. Howard, supra,* 1 Cal.4th 1132, require, we have scrutinized the totality of circumstances. Here, the lack of proper advisements and waivers necessitate reversal of the judgment.

## DISPOSITION

The judgment is reversed. The matter is remanded for further proceedings consistent with this opinion.

Croskey, Acting P. J., and Kitching, J., concurred.