Filed 1/14/21  P. v. Stover CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B300315 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA150132) |
| v. | |
| STEVEN MATHEW STOVER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Debra Cole-Hall, Judge.  Affirmed as modified.

Katja Grosch, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael C. Keller and Charles J. Sarosy, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted Steven Mathew Stover of second degree robbery.  On appeal, he contends that the evidence was insufficient to support his conviction and that his one-year priors must be stricken.  We reject his sufficiency of the evidence contention but strike his one-year priors.

## BACKGROUND

On March 1, 2019, a customer at a grocery store informed an employee that Stover was taking two large buckets of laundry detergent without paying for them.  After Stover ignored requests to leave the buckets in the store, the store's manager followed Stover two to three blocks from the store and asked Stover to return the items.  Stover warned the store manager not to mess with "papa."  He swung the buckets at the store manager, striking his arm and leg.  They wrestled over the buckets until Stover dropped them and left.

Based on this evidence, a jury found Stover guilty of second degree robbery (Pen. Code,[1] § 211).  On July 29, 2019, the trial court sentenced Stover to three years.  Although the information had alleged two priors within the meaning of section 667.5, subdivision (b), the prosecutor elected not to pursue one and Stover admitted the other, which was for assault (§ 245, subd. (a)(4)).  The trial court stayed the sentence on the prior.

## DISCUSSION

I.     Sufficiency of the evidence

Stover contends that the evidence was insufficient to prove the force or fear element of robbery.  We disagree.

_____

[1] All further statutory references are to the Penal Code.

To determine whether the evidence was sufficient to sustain a criminal conviction, " ' "we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." ' " (*People v. McCurdy* (2014) 59 Cal.4th 1063, 1104.) We presume in support of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence. (*People v. Medina* (2009) 46 Cal.4th 913, 919.)

Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, by means of force or fear, with the intent to permanently deprive the victim of the property. (§ 211; *People v. Anderson* (2011) 51 Cal.4th 989, 994.) Taking has two aspects: achieving possession of the property, known as caption, and carrying the property away, known as asportation. (*People v. Gomez* (2008) 43 Cal.4th 249, 255.) "Although the slightest movement may constitute asportation [citation], the theft continues until the perpetrator has reached a place of temporary safety with the property." (*Ibid.*) The requisite intent must arise before or during commission of the act of force or fear, and the defendant must apply the force or fear for the purpose of accomplishing the taking. (*Anderson*, at p. 994.) For the force to be sufficient, the defendant must use more force than that necessary to achieve the mere taking of the property. (*Id.* at p. 995.)

If a defendant abandons the property, the defendant is still guilty of robbery if he used force prior to abandonment. (*People v. Torres* (1996) 43 Cal.App.4th 1073, 1079.) In *Torres*, a car owner

discovered the defendant removing her car stereo. When confronted, the defendant swung a screwdriver at the owner's friend. The defendant got out of the car with the stereo but when the owner told him to return the stereo, the defendant complied and left. The court found that the defendant did not have to leave with the stereo to complete the crime. A taking accomplished by force or fear occurred when the defendant swung the screwdriver and got out of the car with the stereo. (*Ibid*.)

An *Estes* robbery occurs when the defendant does not use force or fear while initially taking the property but does so to retain it. (*People v. Estes* (1983) 147 Cal.App.3d 23, 27–28; *Miller v. Superior Court* (2004) 115 Cal.App.4th 216, 223.) The typical *Estes* robbery begins with a shoplifting that turns into a robbery when a loss prevention officer confronts the thief, who then uses force or fear to get away. (*People v. Robins* (2020) 44 Cal.App.5th 413, 419.)

This case presents the typical *Estes* robbery: Stover left the store with the laundry detergent and only used force in an attempt to retain the items when the store manager confronted him. Stover's argument that there nonetheless was insufficient evidence to support his conviction relies on an improper reweighing of the evidence. He argues that he merely swung the buckets in an effort to abandon them. In support, he points to the testimony of the store employee who saw Stover swing the buckets, and according to Stover, testified that Stover swung the buckets merely in an effort to put them down. That is not what the employee said. She testified that Stover and the store manager were extremely close when Stover swung the buckets, and she "thought [Stover] was going to put them down . . . when he turned around, but then [the store manager] jumped back. So

4

it was close enough where he had to jump back away from him." The store employee therefore did not unambiguously say that Stover swung the buckets while abandoning them and with no intent to hit the store manager. Indeed, this is not how the store manager saw it. He testified that Stover used the heavy buckets as a "weapon," deliberately swinging them and hitting him. And, contrary to Stover's argument that there was no other evidence he intended to do anything but abandon the buckets, Stover warned the store manager not to mess with "papa" before hitting him with the buckets.

Stover next compares the force he used to other cases involving what he characterizes as more egregious force. He states that the force he used is far below that ordinarily found necessary to support an *Estes* robbery. Whatever an insufficient amount of force may be, swinging two heavy buckets filled with laundry detergent at someone is undoubtably not it. Stover used a sufficient amount of force to support his conviction of robbery.[2]

II.     One-year prison priors

The trial court stayed the enhancement for a one-year prison prior and the prosecutor did not pursue the other prior, which the trial court did not dismiss (§ 667.5, subd. (b)). However, after Stover was sentenced, Senate Bill No. 136 became effective on January 1, 2020. Before that law became effective, trial courts were required "to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Jennings* (2019)

---

[2] The prosecutor did not pursue a theory that Stover accomplished the robbery by fear.

5

42 Cal.App.5th 664, 681.)  Senate Bill No. 136 amended section 667.5 to limit the enhancement to prior prison terms for sexually violent offenses, as defined in Welfare and Institutions Code section 6600, subdivision (b).  (Stats. 2019, ch. 590, § 1.)  Because Stover's prison priors were not sexually violent offenses within the meaning of that section, they must be stricken.

## DISPOSITION

The judgment is modified to strike the two Penal Code section 667.5, subdivision (b) enhancements.  The trial court is directed to prepare an amended abstract of judgment and to forward it to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

NOT TO BE PUBLISHED.


DHANIDINA, J.


We concur:


EDMON, P. J.


LAVIN, J.

6