[No. A055930. First Dist., Div. Two. Apr. 23, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
QUY VAN PHAM, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication except for parts III and IV.

**COUNSEL**

David McNeil Morse, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Laurence K. Sullivan and Linda James, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PHELAN, J.**—Quy Van Pham was convicted by a jury of second degree burglary of a motor vehicle (Pen. Code, § 459),[1] count I; second degree robbery of John Guevara (§ 212.5, subd. (b)), count II; petty theft from John Guevara with a prior theft conviction (§ 666), count III; second degree robbery of Steve Oravec, count IV; petty theft from Steve Oravec with a prior theft conviction, count V; and assault with a deadly weapon or by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)),

---

[1]Unless otherwise indicated, all further statutory references are to the Penal Code.

count VI. The jury found that defendant suffered three prior prison terms for second degree burglary as alleged. (§ 667.5, subd. (b).) Defendant was sentenced to state prison for the upper term of five years on count II, together with a one-year enhancement for serving a prior prison term. The sentences imposed for counts I, IV, and VI were ordered to be served concurrently with the principal term. Defendant was also sentenced to the upper term of three years for each of the theft offenses (counts III and V), which sentences were stayed pursuant to section 654.

He appeals contending: (1) there was insufficient evidence to support the robbery convictions; (2) failure to instruct on the lesser included offense of attempted robbery was reversible error; (3) the trial court committed instructional error; (4) defendant could not be convicted of both robbery and petty theft arising out of the same facts; and (5) the trial court erred in responding to the jury's question.

We conclude that the theft convictions must be reversed, but affirm the judgment in all other respects.

## FACTS

About 11:15 p.m. on July 28, 1991, John Guevara saw defendant in the back seat of his car apparently removing objects through an opening into the trunk. As Guevara approached the rear of the car, defendant exited carrying a black bag and started to flee with the bag. Guevara gave chase and quickly caught defendant by his shirt. At that moment, defendant dropped the bag where he stood and began slugging Guevara in his head several times. Steve Oravec, who had been with Guevara, caught up to the two men and grabbed defendant. Defendant continued to struggle, kicking, punching, biting, and kneeing both Guevara and Oravec. They eventually subdued defendant until the police arrived. Oravec's cash and watch were missing from the car in addition to several granola bars belonging to Guevara. The police arrived and arrested defendant. Inside the bag the police found Guevara's granola bars and Oravec's money and watch, in addition to burglar tools.

The defendant did not testify or present any evidence.

## I

Defendant contends the evidence was insufficient to prove the taking of the property was accomplished by force or fear. In support of his claim that he never carried the property away, defendant relies on the undisputed evidence showing that he dropped the stolen goods just as

Guevara apprehended him and that he never touched the bag again. He contends there is reasonable doubt that he had "dominion over the property after the use of force or fear." He emphasizes the fact that he never broke free of restraint from Guevara and Oravec to take or carry away the loot.

Robbery is "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) ■ As recently stated by our Supreme Court, "mere theft becomes robbery if the perpetrator, having gained possession of the property without use of force or fear, resorts to force or fear while carrying away the loot. [Citations.] In order to support a robbery conviction, the taking, either the gaining possession or the carrying away, must be accomplished by force or fear. (See § 211.)" (*People v. Cooper* (1991) 53 Cal.3d. 1158, 1165, fn. 8 [282 Cal.Rptr. 450, 811 P.2d 742]; *People v. Estes* (1983) 147 Cal.App.3d 23, 27-28 [194 Cal.Rptr. 909].) ■ A very slight movement is sufficient for asportation (*Cooper, supra*, at p. 1165), and there is no requirement that the robber have manual possession of the property. (*People v. Quinn* (1947) 77 Cal.App.2d 734, 736-737 [176 P.2d 404] [asportation was satisfied when robber ordered victim at gunpoint to throw down his wallet, although robber allowed victim to leave with wallet after victim showed robber it contained no money]; also *People v. Martinez* (1969) 274 Cal.App.2d 170, 174 [79 Cal.Rptr. 18].) The robber's escape with the loot is not necessary to commit the crime. (See *People v. Clark* (1945) 70 Cal.App.2d 132, 133 [160 P.2d 553] [stating general rule].)

■ Under the facts of this case, we conclude the asportation or carrying away of the property occurred when defendant removed the victims' property from Guevara's car and began to flee. The asportation continued while defendant struggled with the victims and prevented them from immediately recovering their goods. Contrary to defendant's contention, robbery does not require that the loot be carried away *after* the use of force or fear.

In *Estes, supra*, a security guard watched defendant as he took clothing from a Sears store. When the guard attempted to detain defendant outside the store, the defendant pulled out a knife, swung it at the guard and threatened to kill him. The guard returned to the store and summoned the security manager. The two men returned to where defendant was standing and escorted him back into the store. (147 Cal.App.3d at p. 26.) Division Five of this court affirmed defendant's conviction of robbery of the security guard. The court held, "The crime of robbery includes the element of asportation, the robber's escape with the loot being considered as important in the commission of the crime as gaining possession of the property. . . . [A]

robbery occurs when defendant uses force or fear in resisting attempts to regain the property or in attempting to remove the property from the owner's immediate presence regardless of the means by which defendant originally acquired the property." (*Id.* at pp. 27-28.)

In *Estes*, as here, the defendant successfully prevented the victim (i.e., security guard) from regaining the property, albeit temporarily, by force or fear. It is of no legal significance that the security guard went back into the store after the defendant pulled his knife, only to return with the security manager moments later. The crime was committed the moment Estes threatened the guard at knifepoint. The robbery conviction was affirmed although the defendant did not escape with the loot.

A robbery conviction was affirmed in *People* v. *Green* (1979) 95 Cal.App.3d 991 [157 Cal.Rptr. 520], where the defendants forced the victim at knifepoint to drive them in her van and then threw her out of the van as they traveled on the freeway. The defendants jumped out of the van a short distance away, leaving the victim's purse inside, apparently untouched. The court rejected one defendant's contention that the robbery was not committed because he was unable to escape with the vehicle and the purse to a place of temporary safety. (*Id.* at p. 1000.) It held, "No authority supports his contention that liability for the 'completed' offense of robbery (as opposed to a mere attempt) does not *commence* until the robber has escaped with the loot to a place of temporary safety. Rather, the law is well settled to the contrary. No extended asportation is required for the offense to pass from the attempt stage to the consummated offense. [Citations.]" (*Ibid.*, italics in original.)

In *People* v. *Nazzaro* (1963) 223 Cal.App.2d 375 [35 Cal.Rptr. 879], defendant entered a bakery, pulled out a toy gun and demanded money from the clerk. After a brief delay she opened the cash register and as defendant removed a few bills, the baker hit him over the head with a rolling pin, subduing him. (*Id.* at p. 377.) Nazzaro argued that the jury was improperly instructed on the element of asportation and that he was guilty of attempted robbery. (*Id.* at p. 381.) In affirming the conviction, the appellate court held the jury was properly instructed that " '. . . to constitute a carrying away, the property need not be retained in the possession of the thief; neither need it be removed from the premises of the owner. Any removal of the article from the place where it was kept by the owner, . . . and whereby the thief obtains possession and control of the property at least for a fraction of time is sufficient to constitute the element of carrying away.' " (*Ibid.*)

Here, the possession and asportation of the victims' property began when defendant started to walk away from Guevara's car with the loot and

continued throughout the time defendant forcibly resisted the victims' attempts to take back their property. There is no requirement that defendant escape with the loot or that he reduce the property to his sole possession by chasing the victims away. ■ A robbery has been committed if the stolen item "is so within [the victim's] reach, inspection, observation, or control, that he could, if not overcome by violence or prevented by fear, retain his possession of it. . . ." (*People* v. *Webster* (1991) 54 Cal.3d 411, 440 [285 Cal.Rptr. 31, 814 P.2d 1273], citations and internal quotation marks omitted.) ■ " 'Asportation . . . may be fulfilled by wrongfully . . . removing property from the . . . control of the owner, . . . even though the property may be retained by the thief but a moment.' [Citation.]" (*People* v. *Pruitt* (1969) 269 Cal.App.2d 501, 506 [75 Cal.Rptr. 125], quoting *People* v. *Quiel* (1945) 68 Cal.App.2d 674, 679 [157 P.2d 446].) ■ We hold there was sufficient evidence for the jury to conclude that defendant forcibly asported or carried away the victims' property when he physically resisted their attempts to regain it.

## II

■ Next, defendant contends the trial court erred in not instructing, sua sponte, on the lesser included offense of attempted robbery. Defendant argues that because he did not accomplish a "taking" of the property, the jury could have found him guilty of attempted robbery. There is no merit to this contention.

■ "When there is substantial evidence that an element of the charged offense is missing, but that the accused is guilty of a lesser included offense, the court must instruct upon the lesser included offense, and must allow the jury to return the lesser conviction, even if not requested to do so. [Citations.]" (*People* v. *Webster, supra,* 54 Cal.3d at p. 443; *People* v. *Melton* (1988) 44 Cal.3d 713, 746 [244 Cal.Rptr. 867, 750 P.2d 741].) The instruction shall not be given when there is no evidence the offense was less than that charged. (*People* v. *Daniels* (1991) 52 Cal.3d 815, 868 [277 Cal.Rptr. 122, 802 P.2d 906].)

■ Defendant claims, "One reasonable interpretation of the facts in the instant case was that appellant was using force and fear to 'accomplish' the taking. Since he was not successful in doing this, the jury could have found him guilty of attempted robbery." He cites no cases to support this interpretation.

■ As we have discussed in part I, a robbery is committed when the defendant has taken possession of the victim's property and forcibly prevents the victim from regaining the goods, however temporarily. (See *People*

v. *Estes, supra,* 147 Cal.App.3d at p. 27; see also *People* v. *Bigelow* (1984) 37 Cal.3d 731, 753-754 [209 Cal.Rptr. 328, 691 P.2d 994, 64 A.L.R.4th 723] ["In the case of robbery, for example, the crime is committed—as distinct from a mere attempt—when the defendant removes the victim's property. [Citations.]"] "Whether appellant conveyed the money one yard or one mile from the presence of his victim is immaterial insofar as the element of asportation is concerned. . . . His escape with the loot is not necessary to complete the crime. [Citation.]" (*People* v. *Clark, supra,* 70 Cal.App.2d at p. 133.) ██ Here, the requisite asportation occurred when defendant removed the property from Guevara's car and began to run away. It is enough that defendant forcibly prevented the victims from recovering their property, even for a short time. ██ The *commission* of a robbery does not require the robber to escape with the loot to a place of temporary safety. This concept should not be confused with the *duration* of the robbery, which continues so long as the loot is being carried away to a place of temporary safety. (*People* v. *Cooper, supra,* 53 Cal.3d at pp. 1165-1170.)

██ If the prosecution's evidence was believed, it would not support an offense less than robbery. Defendant's conduct was either a robbery committed by the use of "force or fear in resisting attempts to regain the property or in attempting to remove the property from the owner's immediate presence . . ." (*People* v. *Estes, supra,* 147 Cal.App.3d at pp. 27-28), or it was simply an assault or a battery. If defendant truly abandoned the victims' property before using force, then, of course he could be guilty of theft, but not of an *Estes*-type robbery. Indeed, in the situation where property is taken without the use of force or the threat thereof and thereafter such force or threat is employed to prevent the owner from recovering the property or to facilitate an escape, the offense committed simply could not be an attempted robbery. Thus, defendant was not entitled to an instruction on attempted robbery since such a theory was contrary to the evidence. ██ "The fact that a jury can exercise a naked power to convict the defendant of an included offense not supported by the evidence does not entitle the defendant to an instruction thereon. [Citation.]" (*People* v. *Aguilar* (1989) 214 Cal.App.3d 1434, 1436 [263 Cal.Rptr. 314] [trial court properly refused to instruct on attempted burglary when undisputed evidence showed completed entry].)

## III, IV*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

*See footnote, *ante,* page 61.

The convictions for petty theft under section 666 are reversed. In all other respects, the judgment is affirmed.

Kline, P. J., and Smith, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 28, 1993.