Filed 8/26/14  P. v. Eisenhower CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058461 |
| v. | (Super.Ct.No. INF1202710) |
| WILLIAM H. EISENHOWER, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Richard A. Erwood, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette and Julie L. Garland, Assistant Attorneys General, Charles C. Ragland and Alastair J. Agcaoili, Deputy Attorneys General.

A jury convicted defendant and appellant William H. Eisenhower, Jr. of robbery. (Pen. Code,[1] § 211; (count 1).) The jury found true the additional allegation that defendant had entered an inhabited dwelling when committing the robbery. (§ 212.5, subd. (a)). The jury found defendant not guilty of burglary. (§ 459; (count 2).) The trial court found true a strike prior, serious felony prior, and two prison priors. Defendant was sentenced to a total term of 13 years in state prison.

Defendant contends that there was insufficient evidence to support his robbery conviction. Defendant also contends that the trial court abused its discretion in denying his motion to dismiss a prior strike conviction. We affirm.

## I.

## FACTS OF THE CASE

On October 27, 2012, the victim returned to her apartment. Before entering her apartment, she noticed that something was amiss. When she walked up to her apartment, she noticed that her blinds were drawn; they had been open when she left her apartment three hours earlier. On opening the door, she observed that a cabinet door in the main room was ajar; it had been closed when she left. Believing that a maintenance worker from her apartment building was inside, she called out from the doorway, "Hello. Hello." She was preparing for a Halloween party on the date of the incident and was wearing a costume that contained a feather boa along the bottom of the skirt. At that time, defendant, who was shirtless, came around the corner from a hallway carrying in his left

---

[1] All further statutory references are to the Penal Code, unless otherwise stated.

2

hand her purse filled with her things. At trial, the victim testified that she saw nothing in his right hand. However, shortly after the incident, the victim told an officer that she had believed that the defendant had her laptop in his right hand.

Defendant was approximately 30 feet away from the victim when she first observed him. She asked him what he was doing in her home. In response, he said: "I'll move your big ass out of the door." Defendant slurred his words as he was talking to her. He immediately began walking toward her with her purse in his hand, and the victim smelled alcohol on him. He came directly at her, rather than trying to get out a window or other door. The victim and defendant wrestled for what the victim estimated to be two to five minutes. Defendant told her to "[g]et out of [his] way." She felt a surge of adrenalin and grabbed her purse. After he pushed her out of the way with his forearm, defendant escaped the victim's home. She felt "afraid," "very angry," and "violated."

Defendant acknowledged that his interaction with the victim was not peaceful. Following his exit, there were feathers from the victim's costume all over the entrance of the house. After defendant left, the victim noticed that her laptop was missing. Defendant was detained shortly thereafter, and the victim positively identified him in an in-field lineup. Her laptop was located half a block from the victim's apartment, "fairly hidden from street view . . . ." Defendant later admitted that it was possible that he had fled the victim's apartment with her laptop.

Defendant filed a motion to strike the strike priors, which the People opposed. At the hearing, defendant presented character evidence, including his own testimony and

that of his father. The trial court noted defendant's prior robbery conviction. Defendant did not have a job, and he either depended on others to support him or panhandled. Defendant had five prior felony convictions, nine misdemeanors, three probation violations, and one parole violation. On two of defendant's recent prior cases the trial court struck the prior strike. In the instant case, the trial court stated that "[t]here comes a time when society has the right to look to the court system, to be comfortable in the fact that the court is going to apply the law and try to put a stop to serious and violent behavior." The trial court found that the current conviction of first degree robbery was a serious and violent felony, indicative of the capacity of defendant to engage in acts of violence. Following consideration of the testimony of defendant's character witnesses, the trial court denied the motion.

## II.

## DISCUSSION

### A.     Sufficiency of Evidence of Robbery Conviction

Defendant contends that there was no substantial evidence that he used force or fear when he asported the victim's flowered bag. Defendant further contends that there was no substantial evidence that the victim's laptop was taken from the victim's presence. We address defendant's arguments in turn.

In reviewing a sufficiency of the evidence claim, our role is limited; we determine whether, on review of the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Morris* (1988) 46 Cal.3d 1, 19, disapproved

4

on other grounds as stated in *In re Sassounian* (1995) 9 Cal.4th 535, 543, fn. 5.) A conviction of a crime will not be set aside for lack of sufficient evidence unless, upon no hypothesis whatever, there is substantial evidence to support the trial court's finding. (*People v. Hughes* (2002) 27 Cal.4th 287, 370.) We review the entire record to determine if there is evidence that is reasonable, credible, and of solid value. (*People v. Gomez* (2008) 43 Cal.4th 249, 265.) Discrepancies in the evidence are resolved in favor of the judgment. (*People v. Hill* (1998) 17 Cal.4th 800, 849; see also *People v. Young* (2005) 34 Cal.4th 1149, 1181.)

Robbery requires force or fear in the taking of, or attempting to flee with, the property of another from or in the immediate presence of the victim. (§ 211; *People v. Pham* (1993) 15 Cal.App.4th 61, 66 (*Pham*) [noting that escape with the "loot" is not necessary to commit the crime].) Force and fear are alternative elements. (§ 211.)

Defendant contends that the element of force was not satisfied, as the victim initiated wrestling with defendant to regain some of her property. A defendant's physical resistance to an attempt to regain the stolen property satisfies the requirement of the use of force or fear. (*Pham*, *supra*, 15 Cal.App.4th at p. 67.) Here, defendant already had the property in hand by the time he was confronted by the victim and used force to try to maintain possession. Although the victim may have reached out to make the first contact, a reasonable jury could conclude that defendant used force in attempting to retain the property by charging at her and threatening her as he escaped. He then wrestled with the

5

victim and pushed her out of the way with his forearm. Therefore, the element of force is satisfied.

Defendant also asserts that there is insufficient evidence of fear, as the victim testified that she felt a surge of adrenalin and thought she could fight anyone. With respect to the alternative element of fear, the victim must have had actual fear, but actual fear may be inferred from the circumstances. (*People v. Cuevas* (2001) 89 Cal.App.4th 689, 698.) Defendant said that he would "move [the victim's] big ass out of the door," and he told her to get out of his way. The victim testified that she felt very violated, afraid, and angry. We must accept that part of the testimony that supports the judgment (*In re Daniel G.* (2004) 120 Cal.App.4th 824, 830); that the victim felt that she was a "She-woman" does not make her testimony that she felt afraid improbable. Defendant's contention that the element of fear was not satisfied therefore lacks merit.

Additionally, defendant argues that there was not substantial evidence as to how and when the laptop left the apartment. So long as force is used, it is immaterial that the victim be aware of the robbery (*People v. Davis* (2009) 46 Cal.4th 539, 609 [victims blindfolded]); so too should it be immaterial that the victim not know of the extent of the property being stolen. Discrepancies in the evidence are resolved in favor of the judgment. (*People v. Hill*, *supra*, 17 Cal.4th at pp. 849-850.) Despite the conflict in the victim's testimony from her statement to the police about whether defendant was carrying her laptop at the time he left her apartment, the jury could reasonably infer that defendant had taken the laptop after the victim returned home based on the officer's testimony and

6

defendant's own equivocal testimony. Accordingly, there was substantial evidence to support the robbery count based upon asportation of the victim's laptop.

Defendant appears to contend that because he took no property when he exited the apartment after the struggle, he did not commit robbery. Defendant contends that "[t]he evidence does not support that anything was taken as [he] left." Yet robbery does not require that the defendant escape with the loot to a place of safety. (*Pham*, *supra*, 15 Cal.App.4th at p. 68.) Defendant's argument is unavailing.

As there was sufficient evidence to support defendant's robbery conviction, we affirm the judgment.

### B.     Defendant's Romero Motion

Defendant contends that the trial court abused its discretion in denying his motion to strike the prior strike offenses. A trial court has limited discretion to strike a prior strike conviction in furtherance of justice. (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 530 (*Romero*).) The trial court must consider whether in light of the nature and circumstances of the present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the spirit of the scheme. (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).)

The denial of a motion to dismiss a strike allegation is reviewed for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373 (*Carmony*).) Defendant has the burden of clearly showing that the sentencing decision was irrational or arbitrary. (*Id.*

7

at pp. 376-377.) In the absence of such a showing, the trial court is presumed to have acted to achieve the legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on appellate review. (*Ibid.*) A trial court can abuse discretion if it was not aware of its discretion to dismiss the prior strike. (*Id.* at p. 378.) An appellate court may not substitute its own judgment of the relative weights of aggravating or mitigating factors properly considered by the trial court. (*People v. Zichwic* (2001) 94 Cal.App.4th 944, 961.)

The trial court properly balanced the relevant factors and reached an impartial decision in the spirit of the law in response to defendant's *Romero* motion. The trial court's decision was based upon the analysis prescribed in *Williams*. The trial court considered the serious and violent felony of robbery of which defendant had been convicted. Defendant's criminal record was significant in that he had a prior robbery conviction in 2001. Regarding defendant's prospects, defendant did not have a job and lived off the support of others or panhandled.

Importantly, on two prior cases before this incident, defendant's prior strike had been struck by the courts. Thus, defendant had already had the benefit of leniency in the interests of justice under the factors set forth in *Williams*, but he failed to take advantage of this leniency. Rather, in addition to the five prior felony convictions between 2001 and 2008, defendant had multiple misdemeanor convictions, including theft, driving under the influence, and battery, among others. Defendant had violated probation three times, and parole once. As in *Carmony*, defendant here "appears to be 'an exemplar of

8

the "revolving door" career criminal to whom the Three Strikes law is addressed.'" (*Carmony*, *supra*, 33 Cal.4th at p. 379.)  The trial court considered the appropriate factors, reasonably found defendant to be within the spirit of the Three Strikes law, and denied defendant's *Romero* motion on that basis.

Defendant focuses on the facts of the 2001 prior strike in support of his argument that the trial court abused its discretion in denying defendant's motion to dismiss.  Yet defendant's argument omits mention of the serious and violent nature of the current robbery conviction, as well as the fact that the 2001 conviction was also for robbery.  As in *Carmony*, by nature of defendant's prior prosecution for the same crime, defendant was therefore aware of the legal requirements in order to avoid the same fate.  (*Carmony*, *supra*, 33 Cal.4th at pp. 372, 379.)  In contrast to *Carmony*, defendant's robbery conviction is for a serious and violent offense, rather than a technical violation.  (*Id.* at p. 372.)  Here, defendant's prior strike for robbery was previously stricken twice by prior courts.  The probation report noted that defendant did not appear to take responsibility for his actions and that his tears might be more indicative of his concern about returning to prison than genuine remorse.  Defendant's argument focused on the 2001 prior strike conviction to the exclusion of the other factors considered by the court is unavailing.

The trial court did not abuse its discretion to deny defendant's *Romero* motion.

**III.**

**<u>DISPOSITION</u>**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>RAMIREZ</u>
P. J.

We concur:

<u>KING</u>
J.

<u>CODRINGTON</u>
J.