Filed 7/8/15  P. v. Boyd CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KIERA JEAN BOYD,<br><br>    Defendant and Appellant. | 2d Crim. No. B254044<br>(Super. Ct. No. 2013001637)<br>(Ventura County)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING; NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed on June 9, 2015, be modified as follows:

1.  On page 11, the first paragraph beginning "The People contend," is deleted and replaced with the following:

The People contend that appellant was rightfully convicted on both count 3 and count 4 because although petty theft is a lesser included offense of *robbery*, it is not a lesser included offense of *attempted robbery*.  They note that "[t]he crime of attempted robbery requires neither the commission of an element of robbery nor the completion of a theft or assault." (*Lindberg, supra*, 45 Cal.4th at p. 28.)  They also assert that because appellant was charged with both theft and attempted robbery, only the statutory elements of those crimes can be considered in determining whether she was properly convicted of both crimes.  (*People v. Reed* (2006) 38 Cal.4th 1224, 1231.)

2.  On page 11, the second paragraph beginning "The facts also make clear" is deleted and replaced with the following:

It is clear, however, that the theft of which appellant was convicted is the same theft that provides the basis for the charge of attempted robbery.  It is also clear that (1) if the prosecution had charged appellant with *robbery* instead of *attempted robbery*, her conviction of theft would have to be stricken as a lesser included offense; and (2) the prosecutor could have charged appellant with robbery and not merely attempted robbery.  Indeed, robbery is the crime she committed.  The prosecutor argued to the jury that appellant could not be found guilty of robbery because she "didn't get away."  A robbery is committed, however, "when the defendant has taken possession of the victim's property and forcibly prevents the victim from regaining the goods, however temporarily. . . .  It is enough that the defendant forcibly prevented the victims from recovering their property, even for a short time.  The *commission* of a robbery does not require the robber to escape with the loot to a place of temporary safety.  This concept should not be confused with the *duration* of the robbery, which continues so long as the loot is being carried away to a place of temporary safety.  [Citation.]"  (*People v. Pham* (1993) 15 Cal.App.4th 61, 67-68.)

There is no change in the judgment.  The People's petition for rehearing is denied.

Filed 6/9/15  P. v. Boyd CA2/6  (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KIERA JEAN BOYD,<br><br>    Defendant and Appellant. | 2d Crim. No. B254044<br>(Super. Ct. No. 2013001637)<br>(Ventura County) |

Kiera Jean Boyd appeals after a jury convicted her of second degree burglary (Pen. Code,[1] §§ 459, 460, subd. (b)), uttering a forged prescription (Health & Saf. Code, § 11368), attempted robbery (§§ 211, 664), three counts of petty theft with three or more priors (§ 666, subd. (a)), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and being under the influence of drugs (Health & Saf. Code, § 11550, subd. (a)).  Prior to trial, appellant admitted three prior theft-related convictions, on bail enhancement allegations (§ 12022.1, subd. (b)), and serving a prior prison term (§ 667.5, subd. (b)).  The trial court sentenced her to 12 years 8 months in state prison. Appellant contends (1) the evidence is insufficient to support her conviction of attempted robbery; (2) the court erred in failing to instruct on self-defense on the charge of attempted robbery; (3) the court erred in imposing the upper term for the attempted robbery; and (4) one of her theft convictions must be stricken because it is a lesser

_____

[1] All further undesignated statutory references are to the Penal Code.

included offense of the attempted robbery. In a supplemental brief, she claims she is entitled to automatic resentencing under Proposition 47, which went into effect after she was sentenced. We agree with the fourth contention and shall order the judgment modified accordingly. Otherwise, we affirm.[2]

## STATEMENT OF FACTS

On February 2, 2013, appellant shoplifted several hats and a pair of gloves from the Corner Market in Oak View.[3] Market employee Amalia Rosales was watching a live feed from the market's surveillance cameras and saw appellant place the items in her purse and leave without paying for them. Rosales conveyed what she had seen to customer Theodore Nowell, who was at the register making a purchase.

Rosales followed appellant outside and told her to return the stolen merchandise. Appellant made a remark indicating that she had not stolen anything and continued walking toward a parked truck. After Rosales said she was calling the police, appellant walked back toward Rosales and pushed her in the chest. Rosales, who was 25 weeks pregnant at the time, referred to her pregnancy and told appellant not to touch her. Appellant responded by kicking Rosales in the stomach and punching her in the face. Rosales defended herself by grabbing appellant's hair.

---

[2] Appellant also claims the court erred in ordering her to pay victim restitution. We need not address this claim because it is premised on the rejected contention that the evidence is insufficient to support her conviction of attempted robbery.

[3] Appellant primarily challenges her convictions of attempted robbery in count 3 and the petty theft charged in count 4, both of which arise from the February 2nd incident at the Corner Market. With regard to that incident, the jury also convicted appellant of being under the influence of a controlled substance and acquitted her of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)) and the lesser included offense of simple assault (§ 240). Appellant's remaining convictions are the result of three other incidents in late 2012 and early 2013. On December 18, 2012, she obtained Xanax from a pharmacy after submitting a forged prescription. On February 13, 2013, she stole several items from a store in Ventura. On March 8, 2013, she entered another store in Ventura and placed several items in her purse. When she left the store, loss prevention officers confronted her and asked her to return the merchandise. Appellant dropped her purse and fled. The stolen merchandise was found in the purse along with a credit card and prescription in appellant's name and a baggie containing over a gram of methamphetamine.

Nowell intervened and pushed appellant back inside the market. During the struggle, appellant pulled two syringes out of her purse. Nowell told appellant he would kill her if she stuck him with the needles. Appellant placed both needles on a shelf. Rosales called 911.

While they were waiting for the police to arrive, Nowell saw a pair of gloves in appellant's purse and accused her of stealing them. Appellant claimed the gloves belonged to her. Nowell pointed out that the price tag was still attached to the gloves and appellant threw them aside.

Nowell was holding appellant when the police arrived. Appellant gave the deputy a false name before admitting her identity. The deputy recovered the two syringes from the shelf where appellant had left them. The deputy also found appellant's purse with a hat underneath it and a pair of gloves nearby. Four additional hats affixed with price tags were found on the ground outside.

Appellant was arrested and taken to the sheriff's station. Rosales was treated at a hospital for pain in her stomach, but was released later that day after the pain subsided.

Appellant displayed symptoms of being under the influence of a controlled substance and her urine tested positive for opiates and amphetamines. When she was interviewed after her arrest, she said she had gone to the market to buy alcohol for her father. She saw some hats and wanted to show them to her boyfriend, who was parked outside. When she stepped outside the market with the hats, Rosales attacked her. She denied kicking or punching Rosales and did not know she was pregnant.

Appellant testified in her own defense. She reiterated that she had gone to the market that day to buy alcohol for her father and had not planned to steal anything. When she saw the hats and gloves, she decided to put them in her purse. She did so while under the influence of drugs and alcohol. When she left the market, someone approached her from behind and grabbed her purse. The person then grabbed appellant's hair and told her to come back into the store. After a short struggle over appellant's

3

purse, she realized that the other person was Rosales, who told appellant she was pregnant. Appellant denied kicking Rosales, but admitted throwing a punch after Nowell became involved. The punch did not make contact and was only intended to get Rosales and Nowell off her. Appellant admitted, however, that she continued fighting with Rosales and Nowell as they took her back inside the market.

DISCUSSION

*Sufficiency of the Evidence*

Appellant contends the evidence is insufficient to support her conviction of attempted robbery. She claims the prosecution failed to prove that she attempted to use force or fear in resisting Rosales's efforts to regain the property she stole from the market.

"When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Lindberg* (2008) 45 Cal.4th 1, 27 (*Lindberg*).) We determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (*Jackson v. Virginia* (1979) 443 U.S. 307, 319.) We also "presume[] in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." (*People v. Kraft* (2000) 23 Cal.4th 978, 1053 (*Kraft*).)

"Section 211 defines robbery as 'the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.' Robbery is, therefore, "'a species of aggravated larceny.'"'" (*People v. Gomez* (2008) 43 Cal.4th 249, 254.) "Larceny requires the taking of another's property, with the intent to steal and carry it away. [Citation.] 'Taking,' in turn, has two aspects: (1) achieving possession of the property, known as 'caption,' and (2) carrying the property away, or 'asportation.' [Citations.] Although the slightest

4

movement may constitute asportation [citation], the theft continues until the perpetrator has reached a place of temporary safety with the property. [Citation.]" (*Id.* at pp. 254–255, fn. omitted.) "'. . . [M]ere theft becomes robbery if the perpetrator, having gained possession of the property without use of force or fear, resorts to force or fear while carrying away the loot. [Citations.]" (*Id.* at p. 257.) "'When the perpetrator and victim remain in close proximity, a reasonable assumption is that, if not prevented from doing so, the victim will attempt to reclaim his or her property.' [Citation.]" (*Id.* at p. 264.)

Attempted robbery requires proof of a specific intent to commit robbery and a direct, ineffectual act toward its commission. (*People v. Medina* (2007) 41 Cal.4th 685, 694.) "Under general attempt principles, commission of an element of the crime is not necessary. . . . As such, neither a completed theft [citation] nor a completed assault [citation], is required for attempted robbery. [Citation.]" (*Id.* at pp. 694-695.)

The evidence is sufficient to support appellant's conviction of attempted robbery. By appellant's own admission, she did not merely *attempt* to use force or fear—she used *actual force* by struggling to retain her purse when Rosales tried to grab it from her and thereby recover the stolen merchandise.[4] Appellant claims we cannot rely on this admission because four of the hats she took were found on the ground outside. According to appellant, this evidence effectively compels the conclusion that her struggle with Rosales "was merely an attempt to hold onto her purse, which no longer contained the hats with which she was accused of taking, and which had already fallen to the ground." But the hats found on the ground were not the only items appellant had stolen. She also took a pair of gloves, which were still in her purse when Rosales and Nowell brought her back into the market. Moreover, another hat was found under her purse. In any event, appellant erroneously presumes that the hats found on the ground outside ended up there prior to the struggle over her purse. Such a presumption is counter to the controlling standard of review. (*Kraft, supra*, 23 Cal.4th at p. 1053.) We are compelled

---

[4] As we shall explain, appellant's use of force while carrying away the loot she stole from the market supported a conviction of robbery, not merely attempted robbery. (See p. 12, *post*.)

to draw the more reasonable inference that the hats fell out of the purse *during* the struggle, rather than before it actually began.  (*Ibid.*)

Appellant's attack on the sufficiency of the evidence to support her conviction of attempted robbery also fails to the extent it relies on her acquittal of assault. Any perceived inconsistency between the conviction and the acquittal is irrelevant to her claim.  (*People v. Superior Court (Sparks)* (2010) 48 Cal.4th 1, 13.)  In any event, the assault charge was premised on the evidence that appellant hit and kicked Rosales, not the evidence that the two engaged in a struggle over appellant's purse.  Because appellant admitted engaging in that struggle, the jury could reasonably infer she resorted to the use of force while carrying away the loot she stole from the market.  Her claim that the evidence is insufficient to support her conviction of attempted robbery accordingly fails.

*CALCRIM No. 3470*

At appellant's request, the jury was instructed pursuant to CALCRIM No. 3470 that she was not guilty of assault if she acted in lawful self-defense when she allegedly kicked and hit Rosales.[5]  Appellant contends the court erred in limiting the

---

[5] The jury was instructed as follows:  "Self-defense is a defense to assault by force likely to create bodily injury.  This instruction applies only as to count 5.  The defendant is not guilty of that crime if she used force against the other person in lawful self-defense. The defendant acted in lawful self-defense if:  [¶]  1.  The defendant reasonably believed that she was in imminent danger of suffering bodily injury or was in imminent danger of being touched unlawfully;  [¶]  2.  The defendant reasonably believed that the immediate use of force was necessary to defend against that danger; [¶]  AND [¶]  3.  The defendant used no more force than was reasonably necessary to defend against that danger. [¶]  Belief in future harm is not sufficient, no matter how great or how likely the harm is believed to be.  The defendant must have believed there was imminent danger of bodily injury to herself or an imminent danger that she would be touched unlawfully. Defendant's belief must have been reasonable and she must have acted because of that belief.  The defendant is only entitled to use that amount of force that a reasonable person would believe is necessary in the same situation.  If the defendant used more force than was reasonable, the defendant did not act in lawful self-defense. [¶]  When deciding whether the defendant's beliefs were reasonable, consider all the circumstances as they were known to and appeared to the defendant and consider what a reasonable person in a similar situation with similar knowledge would have believed.  If the defendant's beliefs were reasonable, the danger does not need to have actually existed. [¶]  The slightest touching can be unlawful if it is done in a rude or angry way.  Making contact with another person, including through his or her clothing, is enough.  The touching does not have to cause pain or injury of any kind. [¶]  The defendant's belief that she was threatened may be reasonable even if she relied on information that was not true.

6

instruction to the assault charge because the instruction also applied to the charge of attempted robbery. We disagree.

The trial court has a sua sponte duty to instruct on self-defense only if it appears the defendant is relying on such a defense, or if there is substantial evidence supportive of such a defense and the defense is not inconsistent with the defendant's theory of the case. (*People v. Breverm*an (1998) 19 Cal.4th 142, 157.) Although appellant requested CALCRIM No. 3470, she stated that she had no objection when the court limited the instruction to the charge of assault. Moreover, there was no substantial evidence to support such a defense on the charge of attempted robbery.

"Self-defense is not, of course, a recognized defense to a charge of robbery." (*People v. Costa* (1963) 218 Cal.App.2d 310, 316.) Appellant nevertheless asserts that "where, as here, the purported force or fear element of robbery is not in the initial taking, but in the attempt by the property owner or the agent of the property owner to regain possession of that property, then the self-defense instruction should be applicable." We are not persuaded. Rosales, as the agent of her employer, had the right to detain appellant because she suspected her of shoplifting. (§ 490.5, subd. (f)(1).) In effecting that detention, Rosales had the right to "use a reasonable amount of nondeadly force necessary to protect . . . herself and to prevent escape of" appellant and/or the stolen property. (§ 490.5, subd. (f)(2).) Because Rosales effectively made a citizen's arrest, appellant was "obligated not to resist, and ha[d] no right of self-defense against such force." (*People v. Adams* (2009) 176 Cal.App.4th 946, 952-953.) Although appellant retained the right to defend herself against excessive force upon a reasonable belief that she was in imminent danger of suffering bodily injury (*id.* at p. 953; CALCRIM No. 3470), she offered no evidence or argument to support such a theory.

---

However, the defendant must actually and reasonably have believed that the information was true. [¶] The People have the burden of proving beyond a reasonable doubt that the defendant did not act in lawful self-defense. If the People have not met this burden, you must find the defendant not guilty of assault by force likely to create bodily injury." The jury was subsequently instructed that the instruction also applied to the lesser included offense of simple assault.

In arguing that CALCRIM No. 3470 should have been given on the charge of attempted robbery, appellant also reiterates her unsupported assertion that she was no longer in possession of the stolen property when she struggled with Rosales over her purse. Even if the record did support this assertion, it would not aid appellant. If the jury believed appellant was no longer in possession of the stolen property when she engaged in the struggle with Rosales, it would have acquitted her of attempted robbery because it necessarily would have found she did not use force or fear in carrying away the loot. (See, e.g., *People v. Hodges* (2013) 213 Cal.App.4th 531, 543, fn. 4.) Any error in failing to give the instruction was thus harmless. Moreover, it is not reasonably probable that the jury would have found appellant was merely acting in self-defense when she struggled to retain her purse. (*People v. Watson* (1956) 46 Cal.2d 818, 836; *People v. Elize* (1999) 71 Cal.App.4th 605, 616 [applying *Watson* standard in evaluating prejudice in failing to instruct on self-defense].) Appellant's claim of prejudicial instructional error accordingly fails.

*Imposition of Upper Term*

In sentencing appellant, the court selected the attempted robbery (count 3) as the principal term and imposed the upper term of three years for that count. Appellant contends that the court's stated reasons for imposing the upper term reflect an abuse of discretion. Although she did not object at sentencing, she asserts that her trial attorney's "request for leniency" with regard to the imposition of enhancements was sufficient to preserve the claim for appeal. She alternatively contends that her trial counsel provided ineffective assistance in failing to raise the issue below.

"[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356.) This includes appellant's claim, which challenges the court's reliance on a particular aggravating factor. (*People v.*

8

*Steele* (2000) 83 Cal.App.4th 212, 226.)  It is also clear that appellant's "request for leniency" was insufficient to preserve that claim for appellate review.  (*Ibid.*)

Appellant also fails to meet her burden of proving that her trial attorney's failure to raise the claim amounts to deficient performance or resulted in prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 (*Strickland*).)  The probation report identified six different aggravating factors, any one of which was sufficient to support imposition of the upper term.  (See *People v. Black* (2007) 41 Cal.4th 799, 813 (*Black*).) Most notably, the report noted that victim Rosales was particularly vulnerable given her advanced pregnancy and that appellant engaged in violent conduct indicating a serious danger to society.  (Cal. Rules of Court, rule 4.421(a)(3) & (b)(1).)  The prosecution further offered that the crime involved great violence and that appellant's actions toward Rosales disclosed a high degree or cruelty, viciousness, and callousness.  (*Id*. at rule 4.421(a)(1).)

In concluding that the upper term was warranted, the court remarked that "there's a common understanding as human beings we don't kick pregnant ladies in the abdomen."  Appellant claims the court improperly relied on the evidence that she had kicked Rosales in the stomach because the jury acquitted her of assault and "it is apparent the jury determined appellant's actions were consistent with her claim of self-defense." We are not persuaded.

Aside from appellant's speculation as to the reasons for her acquittal, the court was entitled to rely on aggravating facts that were not found true by the jury. (*Black, supra*, 41 Cal.4th at p. 808; § 1170, subd. (b).)  "Nothing in the applicable statute or rules suggests that a trial court must ignore evidence related to the offense of which the defendant was convicted, merely because that evidence did not convince a jury that the defendant was guilty beyond a reasonable doubt of related offenses."  (*People v. Towne* (2008) 44 Cal.4th 63, 85-86.)  Moreover, "[f]acts relevant to sentencing need be proved only by a preponderance of the evidence, and '"an acquittal in a criminal case does not preclude the Government from relitigating an issue when it is presented in a subsequent

9

action governed by a lower standard of proof."' [Citations.]" (*Id.* at p. 86.) Because a preponderance of the evidence supports a finding that appellant was not merely acting in self-defense when she kicked Rosales in the stomach, the court properly treated that conduct as an aggravating factor that supported imposition of the upper term. Appellant's claim that his trial attorney provided ineffective assistance by failing to object to the court's ruling thus fails. (*Strickland, supra*, 466 U.S. at p. 687.)

### *Reversal of Theft as Lesser Included Offense of Attempted Robbery*

Appellant contends her conviction of petty theft with prior convictions in count 4 must be reversed because it is a lesser included offense of the attempted robbery of which she was convicted in count 3. We agree.

California law generally allows a person to be convicted of multiple crimes stemming from a single act or course of conduct. (§ 954.) "But a judicially created exception to this rule prohibits multiple convictions based on necessarily included offenses." (*People v. Montoya* (2004) 33 Cal.4th 1031, 1034.) "Under California law, a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser. [Citations.]" (*People v. Birks* (1998) 19 Cal.4th 108, 117-118, fn. omitted.)

Section 484, subdivision (a), defines the crime of theft as follows: "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, . . . is guilty of theft." Robbery is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) "'Theft is a lesser included offense of robbery, which includes the additional element of force or fear.' [Citation.]" (*People v. Bradford* (1997) 14 Cal.4th 1005, 1055.) Attempted robbery is also a lesser included offense of robbery. (*In re Sylvester C.* (2006) 137 Cal.App.4th 601, 609, fn. omitted ["attempt is a lesser included offense of any completed crime"].)

The People contend that appellant was rightfully convicted on both count 3 and count 4 because although petty theft is a lesser included offense of *robbery*, it is not a lesser included offense of *attempted robbery*. They correctly note that "[t]he crime of attempted robbery requires neither the commission of an element of robbery nor the completion of a theft or assault" (*Lindberg, supra,* 45 Cal.4th at p. 28), yet that distinction is not determinative here. The facts alleged in the information demonstrate, albeit unartfully, that count 3 and count 4 are based on the same "felonious taking" of merchandise from the Corner Market. Although count 3 refers to appellant using "force and fear" in an "attempt" to take property, the facts make clear that the charge was based on her attempt to retain possession of the loot she was charged with stealing in count 4.

The facts also make clear that appellant could have been convicted of robbery, and not merely attempted robbery. The prosecutor argued that appellant could not be found guilty of robbery because she "didn't get away." A robbery is committed, however, "when the defendant has taken possession of the victim's property and forcibly prevents the victim from regaining the goods, however temporarily. . . . It is enough that defendant forcibly prevented the victims from recovering their property, even for a short time. The *commission* of a robbery does not require the robber to escape with the loot to a place of temporary safety. This concept should not be confused with the *duration* of the robbery, which continues so long as the loot is being carried away to a place of temporary safety. [Citation.]" (*People v. Pham* (1993) 15 Cal.App.4th 61, 67-68.)

Whatever the prosecutor's reasons for charging appellant with attempted robbery instead of robbery, appellant's conviction of petty theft in count 4 cannot stand. The proscription against multiple convictions based on lesser included offenses cannot be circumvented simply by charging a completed crime as a mere attempt. Moreover, the People did not object when the court instructed the jury that theft was a lesser included

11

offense of the attempted robbery charged in count 3.**6**  Appellant's conviction on count 4 is accordingly reversed.

*Proposition 47*

We granted appellant's request to submit additional briefing addressing her right to be resentenced under Proposition 47, the Safe Neighborhoods and Schools Act, which went into effect on November 5, 2014.  Proposition 47, as relevant here, requires a misdemeanor sentence rather than a felony sentence for nonviolent or nonserious crimes unless the defendant has prior convictions for specified violent or serious felonies.  Proposition 47 also added section 1170.18, which states that an inmate who is "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ."

Appellant correctly notes that the crimes of petty theft with three or more prior convictions and possession of a controlled substance are now treated as misdemeanors under Proposition 47.  Relying on *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), she argues that the provisions of Proposition 47 operate retroactively to automatically reduce her convictions of these crimes to misdemeanors.  We disagree.

The court in *Estrada* held that "[w]hen the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty

_____

**6** The jury was instructed pursuant to CALCRIM No. 3517 that "[t]heft by larceny is a lesser crime of attempted robbery charged in Count 3."  The jury was further instructed that "[a] defendant may not be convicted of both a greater and lesser crime for the same conduct" and that the court "can accept a verdict of guilty of a lesser crime only if you have found the defendant not guilty of the corresponding greater crime."  (*Ibid.*)  The court should have also given CALCRIM No. 3519, which is "required whenever greater and lesser included crimes are separately charged. [Citations.]"  (*People v. Arevalo-Iraheta* (2011) 193 Cal.App.4th 1574, 1585.)  That instruction would have informed the jury that it could not return a guilty verdict on the petty theft charged in count 4 unless it had found appellant not guilty of the attempted robbery charged in count 3.  (*Ibid.*; CALCRIM No. 3519.)

12

was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply." (*Estrada, supra*, 63 Cal.2d at p. 745.) This includes "acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*Ibid.*) Accordingly, an amended statute mitigating punishment operates retroactively to impose the lighter punishment unless there is a saving clause. (*Id.* at p. 748.) The Legislature may signal its intent in this regard by including an express saving clause "or its equivalent" that provides for prospective application. (*People v. Nasalga* (1996) 12 Cal.4th 784, 793, fn. omitted.)

In *People v. Yearwood* (2013) 213 Cal.App.4th 161, the court held that a provision in Proposition 36 (the Three Strikes Reform Act of 2012) creating a postconviction resentencing procedure similar to the one in section 1170.18 was the "functional equivalent" of a saving clause. (*Id.* at p. 172.) Relying on *Yearwood*, our colleagues in the Third District concluded that a defendant subject to Proposition 47 is limited to the statutory remedy of petitioning for recall of sentence in the trial court after the judgment has become final. (*People v. Noyan* (2014) 232 Cal.App.4th 657, 672.) We adopt this conclusion. The procedure set forth in section 1170.18 applies to individuals, like appellant, who are "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act . . . ." Accordingly, appellant must pursue her statutory remedy to petition the trial court for recall of sentence and resentencing after the judgment is final.

## DISPOSTION

Appellant's conviction on count 4 (petty theft with prior convictions, § 666, subd. (a)) is reversed and dismissed, and the sentence attributable to that count is stricken. The superior court clerk shall prepare an amended abstract of judgment and

13

forward a copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

14

Kent M. Kellegrew, Judge

Superior Court County of Ventura

_____

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Michael C. Keller, Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.