Filed 4/25/16  P. v. Armstrong CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C078952 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F07165) |
| v. | |
| JAKELYNN SUE ARMSTRONG, | |
| Defendant and Appellant. | |

Defendant Jakelynn Sue Armstrong was convicted after a jury trial of residential burglary and second degree robbery.  (Pen. Code, §§ 459, 211.)[1]  The jury found she was a principal in the commission of the robbery and was armed with a firearm.  (§§ 31, 12022, subd. (a)(1).)  The trial court also found she committed the robbery offense while released from custody on bail.  (§ 12022.1.)

---

[1]     Undesignated statutory references are to the Penal Code.

1

Sentenced to an aggregate term of five years four months in state prison, defendant appeals. She contends there was insufficient evidence for the jury to find she aided and abetted the robbery. We affirm.

BACKGROUND

The facts underlying the residential burglary conviction are irrelevant to the issue on appeal. We summarize the facts underlying the robbery conviction only.

On April 8, 2014, defendant and Vanessa Shea had been hanging out for a couple of hours at a friend's house when they decided to go to Rite Aid to get some liquor. The two had hung out together in the past. After failing in their attempt to gather enough money to purchase the liquor they, nonetheless, walked to Rite Aid with the intent of stealing it. Shea took a bottle of vodka off the shelf, handed it to defendant, and defendant put it in her purse. The two then left the store together without stopping at the cashier to pay for the vodka.

When defendant and Shea left the store, the security device affixed to the bottle of alcohol set off the store's audio alarm. The two women kept walking. The store's asset protection agent, Luke McCluskey, witnessed Shea take the bottle off the shelf, saw defendant put it in her purse, and saw the two leaving the store. When the alarm sounded, he followed them out of the store and, approaching Shea, identified himself. Defendant kept walking away, walking quickly. Shea turned around and pulled out a gun from her waistband. By the time McCluskey pulled out his cell phone to call 911, defendant, who continued walking, was approaching a nearby storefront. Shea began waving the gun and stated to McCluskey, "You better get off your phone if you know what's good for you."

McCluskey put his phone away, turned around, and went back into the Rite Aid store. Shea met up with defendant across the street and the two walked back to their friend's house together.

2

DISCUSSION

Defendant conceded the evidence established she personally committed a theft. She argues, however, the evidence fails to show she committed robbery because there is no evidence she aided and abetted Shea's use of force against McCluskey or that she intended or planned for them to use any force. We disagree.

A "mere theft becomes robbery if the perpetrator, having gained possession of the property without use of force or fear, resorts to force or fear while carrying away the loot. [Citations.] In order to support a robbery conviction, the taking, either the gaining possession or the carrying away, must be accomplished by force or fear. (See § 211.)" (*People v. Cooper* (1991) 53 Cal.3d 1158, 1165, fn. 8 (*Cooper*); *People v. Pham* (1993) 15 Cal.App.4th 61, 65.)

"[A] person who aids and abets the commission of a crime is a 'principal' in the crime, and thus shares the guilt of the actual perpetrator." (*People v. Prettyman* (1996) 14 Cal.4th 248, 259, citing § 31.) "A person aids and abets the commission of a crime when he or she, (i) with knowledge of the unlawful purpose of the perpetrator, (ii) and with the intent or purpose of committing, facilitating or encouraging commission of the crime, (iii) by act or advice, aids, promotes, encourages or instigates the commission of the crime." (*Cooper*, *supra*, 53 Cal.3d at p. 1164; see *People v. Beeman* (1984) 35 Cal.3d 547, 561.)

Knowledge and intent are "rarely susceptible of direct proof and generally must be established by circumstantial evidence and the reasonable inferences to which it gives rise." (*People v. Buckley* (1986) 183 Cal.App.3d 489, 494-495; *People v. Thomas* (2011) 52 Cal.4th 336, 355.) Although presence at the crime scene is insufficient by itself to establish aiding and abetting, it is one factor that may be considered along with " 'companionship[] and conduct before and after the offense.' [Citation.]" (*People v. Campbell* (1994) 25 Cal.App.4th 402, 409.)

3

Here, the jury could have reasonably inferred defendant's knowledge and intent from her actions. Defendant and Shea had a plan, prior to entering the store, of stealing the vodka. The vodka is alarmed so it could reasonably be assumed they knew it would set off an alarm when they left the store and someone would likely come after them to confront them. Yet once they took the bottle from the shelf, they did not run from the store, even after sounding the alarm. Thus, it can be reasonably inferred they had a plan for escape with the stolen merchandise other than flight.

Further evidence of defendant's knowledge and intent is inferable from the fact that when McCluskey approached and identified himself, defendant did not stop–nor did she run. Instead, she kept walking away. She did not stop or run, suggesting she knew there was no need to confront, hurry, or flee. Evidence tended to show she knew in advance that Shea (with whom she had been hanging out for a couple of hours and with whom she planned this venture) was armed and would intervene as necessary. Evidence also tended to show she saw Shea pull out a gun and intervene, freeing defendant simply to walk off with the stolen merchandise. Taken all together, the evidence is sufficient for the jury to conclude defendant intended, at a minimum, to facilitate or encourage the robbery (i.e., taking of the property by force or fear) "prior to or during the carrying away of the loot to a place of temporary safety." (See *Cooper*, *supra*, 53 Cal.3d at p. 1165, italics omitted.)

Defendant's robbery conviction is supported by substantial evidence. (See *People v. Boyer* (2006) 38 Cal.4th 412, 479-480.)

DISPOSITION

The judgment is affirmed.


     NICHOLSON     , Acting P. J.


We concur:


     HULL          , J.


     BUTZ          , J.